## McMullen v. Nannah

Philip E. Hamilton, for plaintiff.

Everett Y. Calvin, and Thompson, Bradshaw, of Bradshaw, McCreary & Reed, for defendant.

WILSON, J., September 29, 1943. — The above-entitled case is an action in trespass for alienation of affections. The matter before us is an affidavit of defense raising questions of law, which was duly before the court en banc upon argument c. a. v.

The contention of defendant is that the action is barred by the Act of June 22, 1935, P. L. 450, as amended by the Act of June 25, 1937, P. L. 2317.

The title of said act is as follows:

"An act to promote public morals; abolishing civil causes of action for alienation of affections, except in

certain cases, and breach of promise to marry; making it unlawful to file, cause to be filed, threaten to file, or threaten to cause to be filed any such action; fixing a time for the commencement of such causes of action heretofore accrued; declaring void all future contracts in settlement of such actions; making it unlawful to induce the execution of such a contract or payment thereunder or institution of suit thereon; and providing penalties."

Section 1 of said act is:

"Be it enacted, &c., That in all civil causes of action for alienation of affections of husband or wife, except in such cases where the defendant is a parent, brother or sister or a person formerly in loco parentis to the plaintiff's spouse, are hereby abolished: Provided, however, That this section shall not apply to causes of action which have heretofore accrued."

Section 2 is:

"All causes of action for breach of contract to marry are hereby abolished: Provided, however, That this section shall not apply to contracts now existing or to causes of action which heretofore accrued."

Section 8 reads:

"Each section and provision of this act shall be construed separately, and the invalidity of any section or provision thereof shall not affect the validity of the remaining sections or provisions. This act shall be liberally construed to effectuate the object thereof."

The remaining sections of said act, and particularly the penal provisions, are not before us.

Plaintiff's reply attacks the constitutionality of the act, alleging that it contravenes article I, sec. 1; article I, sec. 2; article I, sec. 13; article I, sec. 26; article III, sec. 3; article III, sec. 7; article III, sec. 21, and article XVIII, schedule I, sec. 2, of the Constitution of

Pennsylvania, and the Preamble, article III, sec. 2; article IV, sec. 3, clause 2, the fifth amendment, and the fourteenth amendment, sec. 1, of the Constitution of the United States.

The title of the act is comprehensive, gives notice, contains but one subject, which is clearly expressed, and sections 1, 2, and 8 do not offend against article III, sec. 3, of the Constitution of Pennsylvania.

The remaining constitutional objections are also without merit. Although property rights may appear in article I, sec. 1, and article III, sec. 21, of the Constitution of Pennsylvania, and in the fourteenth amendment, sec. 1, of the Constitution of the United States, the decisions of the courts are contrary to the contentions of plaintiff.

Acts abolishing actions for alienation of affections and for breach of contract to marry have been passed in Alabama, California, Colorado, Illinois, Indiana, Michigan, Nevada, New Jersey, New York, and Pennsylvania. Wherever passed upon, the appellate courts have held the abolition of these actions to be constitutional, and the Supreme Court of the United States has refused to take jurisdiction as no substantial Federal question was involved. See Fearon v. Treanor, 272 N. Y. 268, 5 N. E. (2d) 815, 109 A. L. R. 1229, Fearon v. Treanor, 273 N. Y. 645, 8 N. E. (2d) 36, Vanderbilt v. Hegeman, 284 N. Y. Supp. 586, Hanfgarn v. Mark, 274 N. Y. 22, 8 N. E. (2d) 47, Hanfgarn v. Mark, 274 N. Y. 570, 10 N. E. (2d) 556, Pennington v. Stewart et ux. (Ind), 10 N. E. (2d) 619, Bunten v. Bunten et al. (N. J.), 192 Atl. 727, Bean v. McFarland, 280 Mich. 19, 273 N. W. 332, Young v. Young, (Ala.) 184 So. 187, and Thorne v. Macken, (Calif.) 136 P. (2d) 116.

In Dayton v. Seafern, 26 D. & C. 445 (1936), the Pennsylvania act was before Judge Egan of Allegheny County, and in Brazinski v. Mikatavage, 29

D. & C. 551 (1937), it was before Judge Hicks of Schuylkill County. In neither case was its constitutionality questioned.

In Wilder v. Doe, 30 Fed. Supp. 869 (1939), John R. K. Scott, Esq., and William T. Connor, Esq., of the Philadelphia Bar, as attorneys for plaintiff, a resident of the State of Illinois, sought to have Federal District Judge Kirkpatrick, of the Eastern District of Pennsylvania, render a declaratory judgment on the right to bring an action for alienation of affections in defiance of the act. This was refused because the real defendant was not a party to the proceedings. This was affirmed by the Circuit Court of Appeals in Wilder v. Doe, 109 F. (2d) 1023.

Thereafter, before District Judge Johnson, of the Middle District of Pennsylvania, plaintiff, by his counsel, John R. K. Scott, Esq., in Wilder v. Reno et al., 39 Fed. Supp. 404 (1941), sought to enjoin the Attorney General and the District Attorney of Philadelphia County from enforcing the penal provisions of the act. Defendants' motion to dismiss the bill was overruled and defendants were directed to file an answer. The question of the constitutionality of the act seems to have been reserved.

The final disposition of this case appears in Wilder v. Reno et al., 43 Fed. Supp. 727 (1942), in which the injunction prayed was refused for the reason that there was no threat of prosecution or imminence of irreparable injury. But in his opinion Judge Johnson says (p. 728):

"This court has serious doubt concerning the constitutionality of the entire Act in question and especially its penal provisions, because, first, the Act appears to take away fundamental common law rights as set forth in the opinion of this court in this same case, 39 F. Supp. 404, rendered June 21, 1941; secondly, it appears to violate the obligations of contracts and to

destroy vested rights without due process of law. The penal provision is especially obnoxious because it attempts to bar resort to the courts to test the constitutionality of the Act.

"In support of the Pennsylvania Act of Assembly, 1935, P. L. 450 it is contended that the Act is an exercise of the police power to prevent suits not brought in good faith. This position cannot be supported for the following reasons: First, the very purpose of courts is to separate the just from the unjust causes; secondly, if the courts are to be closed against actions for breach of promise of marriage or for alienation of affections on the ground that some suits may be brought in bad faith, the same reason would close the door against litigants in all kinds of suits, for in every kind of litigation some suits are brought in bad faith; the very purpose of courts is to defeat unjust prosecutions and to secure the rights of parties in just prosecutions; thirdly, if the police power is to be invoked it should be in favor of the right to maintain an action for breach of promise or alienation of affections and not to prevent such actions. It is in the interest of public policy that a woman whose life and happiness have been injured or destroyed by a man who has broken his promise to marry her should have the right to conduct a suit and recover just damages or that a spouse should be able to sue and recover damages against a person who has invaded, corrupted and destroyed the sanctity of the home. The right to bring such suit not only leaves the court open for the recovery of just damages to litigants acting in good faith, but it acts also as a restraint against the breakers of contracts and the destroyers of American homes; fourthly, it is against public policy to close the doors to people who may have just claims or grievances and whose only peaceable remedy is through the courts, for in a democratic country the free and equal rights to invoke the remedies of

the courts leads to contentment of the people while the closing of the doors of the courts in such cases leads to disrespect for laws and courts, discontentment and violence.

"However, as pointed out above, the issue of constitutionality cannot be decisive in the present proceedings, for even if the Act is unconstitutional this court sitting as a court of equity still cannot enjoin enforcement of the statute unless there is a threat of imminent prosecution resulting in irreparable injury. This proceeding for injunction, at least now, is premature because there is no imminence of prosecution. If this plaintiff files an action for alienation of affections in the Eastern District of Pennsylvania and is then prosecuted or threatened with prosecution, this remedy by injunction may then be appropriate. Also, if the plaintiff is so prosecuted, he may raise the constitutional question in that prosecution first, by a motion to quash the indictment; secondly, as a defense at trial; and thirdly, upon a motion in arrest of judgment, from which an appeal would lie to the highest court of the land. These, and possibly other remedies, are available to the plaintiff at the proper time, but they are premature now, and the injunction must be denied.

"For the foregoing reasons, it is ordered that the injunction sought by the plaintiff is denied, and the Clerk is directed to enter judgment in favor of defendants."

As the question before that court was the penal provisions of the act, the foregoing is dicta as to the constitutionality of the abolition of actions for alienation of affections and breach of promise of marriage. Under the saving clause (section 8) of the act these are separate questions, and were so treated by the Supreme Court of Indiana in Pennington v. Stewart, supra, wherein the penal provisions were declared unconstitutional, but the abolition of actions was upheld. We

admire the able dialectic of Judge Johnson, which is to the effect that acts are not to be branded as unconstitutional if such can be avoided, which is not the situation before us. But there is one conclusion to be drawn from the excerpt quoted from Judge Johnson's opinion, which is that as a constitutional question there is no difference between the abolition of actions for alienation of affections and the abolition of actions for breach of promise of marriage, as each was predicated on damages and a former right of action.

This brings us to the case of A. B. v. C. D., 36 Fed. Supp. 85 (1940), for breach of promise of marriage, brought in the Eastern District of Pennsylvania, before District Judge Bard, who held the act constitutional and dismissed the action. This was affirmed by the circuit court of appeals, on the opinion of Judge Bard, in A. B. v. C. D., 123 F. (2d) 1017. And in A. B., Petitioner, v. C. D., 314 U. S. 691, the Supreme Court of the United States denied certiorari.

Acts of the General Assembly are presumed to be constitutional; all doubt is to be resolved in favor of constitutionality; the question of constitutionality is pointedly and squarely before the court; the authorities, including those of Pennsylvania, are unanimously in favor of constitutionality, and the conclusion is inescapable that section 1, as amended, and section 2, of the Act of June 22, 1935, P. L. 450, abolishing actions for alienation of affections and breach of promise of marriage, are constitutional. We will sustain the affidavit of defense raising questions of law and dismiss the action.

We here wish to express our appreciation of the able and exhaustive briefs furnished us by counsel on both sides. It is also proper to note that, in order to keep this opinion within proper limits, we have not quoted from our citations. The authorities given are not many, are interesting reading, and cover every angle and hypothesis of argument.

*Order*

And now, September 29, 1943, for the reasons appearing in the foregoing opinion, the action is dismissed and judgment entered for defendant, costs and judgment sec. leg.