(No. 40558.—

LOUISE A. SKINNER, Appellant, *vs.* JOHN VINCENT ANDERSON *et al.,* Appellees.

*Opinion filed November 30, 1967.*

STEINBRECHER & NARUSIS, of Crystal Lake, (BERNARD V. NARUSIS, of counsel,) for appellant.

KELL & CONERTY, of Woodstock, (VETTE E. KELL and DONALD W. TRUCKENBROD, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The issues in this case concern the construction and the validity of section 29 of the Limitations Act, which was added to that Act by amendment in 1963. (Ill. Rev. Stat. 1965, chap. 83, par. 24f.) The new section purports to immunize architects and contractors from liability upon causes of action that do not accrue within four years after the architects or contractors performed their services. On the authority of this section the circuit court of McHenry County dismissed a complaint against an architect, and the plaintiff has appealed directly to this court.

Summarized, the complaint alleges: John Anderson, hereafter defendant, is a licensed architect who was hired in 1956 by Frank L. Alford to design and supervise the construction of his residence in the village of Lakewood. An ordinance of the village, as well as nationally recognized safety standards, require that ventilation be provided for rooms housing air conditioning machinery. The defendant

failed to provide ventilation, and because the air conditioning machinery room lacked ventilation, leaking refrigerant gas entered the adjoining boiler room, corroded the burners of the gas-fired boiler and caused the escape of toxic quantities of carbon monoxide and phosgene gases which, on September 19, 1965, caused the deaths of Robert Skinner, Jr., and his daughter, Nancy, and serious injury to his wife, Louise.

Louise Skinner is the daughter of Frank L. Alford, and is the plaintiff in this case. As administratrix of the estates of Robert and Nancy Skinner, and on her own behalf, she brought this action jointly and severally against A. Ture Ekberg, the building contractor, Sherman Plumbing and Heating Inc., a service repairman, and the defendant. She seeks to recover damages resulting from her personal injuries and the wrongful deaths of her husband and daughter, and to recover their burial expenses. The defendant moved to dismiss the complaint because the injury and the deaths did not occur within four years after he had performed his services. On the authority of section 29 of the Limitations Act, the motion was granted. The trial judge has certified that there is no just reason to delay enforcement or appeal. Ill. Rev. Stat. 1965, chap. 110, par. 50(2).

Section 29 provides: "No action to recover damages for any injury to property, real or personal, or for injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real estate, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, unless such cause of action shall have accrued within four years after the performance or furnishing of such services and construction. This limitation shall not be available to any owner, tenant or person in actual possession and control of the improve-

ment at the time such cause of action accrues." Ill. Rev. Stat. 1965, chap. 83, par. 24f.

The plaintiff contends that section 29, properly construed, does not apply to the wrongful death actions or to the actions to recover the funeral expenses of her husband and child. Section 12 of the Limitations Act provides: "The following actions can only be commenced within the periods hereinafter prescribed, except when a different limitation is prescribed by statute:" (Ill. Rev. Stat. 1965, chap. 83, par. 13.) Then follow the remaining sections of the Act, including section 29. Another statute, section 2 of the Injuries Act, provides that wrongful death actions shall be commenced within two years after death occurs (Ill. Rev. Stat. 1965, chap. 70, par. 2), and it is argued that by its terms the Limitations Act does not apply to such actions. We do not discuss the merits of the contentions raised as to the construction of the statute, because even if section 29 did not apply to the other causes of action asserted in the complaint, its validity would still have to be considered in connection with the plaintiff's action for her own injuries.

Although section 29 was added to "An Act in regard to limitations," the added section is not concerned with limitations in the ordinary sense. A statute of limitations normally governs the time within which a legal proceeding must be instituted after the cause of action accrues. There are instances in which a statute of limitations may bar an action before the party against whom the statute runs is aware that he has a right to sue. (See *e.g.,* Ill. Rev. Stat. 1965, chap. 26, par. 2—725.) The provision in the case at bar, however, goes further, and bars a cause of action before it arises. But the plaintiff in this case has not argued that section 29 violates section 13 of article IV of the constitution, and we do not pursue the matter.

The plaintiff contends that section 29 violates section 19 of article II of the constitution of Illinois which provides: "Every person ought to find a certain remedy in the

laws for all injuries and wrongs which he may receive in his person, property or reputation; * * *." She also contends that it violates sections 2 and 14 of article II of the constitution of Illinois, as well as section 22 of article IV of the constitution of Illinois and the equal-protection clause of the fourteenth amendment to the constitution of the United States.

We are of the opinion that section 29 violates section 22 of article IV of the constitution of Illinois, and we therefore express no opinion upon the other constitutional issues that the plaintiff has raised. Section 22 of article IV states: "The general assembly shall not pass local or special laws in any of the following enumerated cases, that is to say: for—* * * Granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever."

The effect of section 29 of the Limitations Act is to grant to architects and contractors a special or exclusive immunity. To justify it the defendant asserts that its "purpose is to require the necessary litigation to be brought within a time when the circumstances can still be proven, when investigation is still possible, when facts are still assessable, when proofs are not lost, when memories are still fresh. In short, when a trial can still result in fair outcome for both parties." And he also argues that "statutes are not unconstitutional as denying equal protection of the law merely because they affect one class and not another provided they affect all members of the same class alike."

If, as the defendant suggests, the objective of the statute is to require that trials of actions based upon defects in construction be held within a relatively short time after the work is completed, that objective is achieved only partially, and in a discriminatory fashion. If the damage or injury occurs at any time within four years after construction is completed, the time within which the action must be commenced is governed by other statutory limitations. In such

cases the time between completion of construction and the required institution of suit may well exceed four years.

More important is the fact that of all those whose negligence in connection with the construction of an improvement to real estate might result in damage to property or injury to person more than four years after construction is completed, the statute singles out the architect and the contractor, and grants them immunity. It is not at all inconceivable that the owner or person in control of such an improvement might be held liable for damage or injury that results from a defective condition for which the architect or contractor is in fact responsible. Not only is the owner or person in control given no immunity; the statute takes away his action for indemnity against the architect or contractor.

The arbitrary quality of the statute clearly appears when we consider that architects and contractors are not the only persons whose negligence in the construction of a building or other improvement may cause damage to property or injury to persons. If, for example, four years after a building is completed a cornice should fall because the adhesive used was defective, the manufacturer of the adhesive is granted no immunity. And so it is with all others who furnish materials used in constructing the improvement. But if the cornice fell because of defective design or construction for which an architect or contractor was responsible, immunity is granted. It can not be said that the one event is more likely than the other to occur within four years after construction is completed.

Of course, section 22 of article IV does not prohibit legislative classification. It does, however, require that the classification be reasonably related to the legislative purpose. And where that relationship was nonexistent the statute has been held to contravene the constitutional provision. (See, *e.g., Harvey* v. *Clyde Park District,* 32 Ill.2d 60; *Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179; *Marallis*

v. *City of Chicago,* 349 Ill. 422.) That the statute benefits all architects and construction contractors is significant only if the benefits conferred upon them are not denied to others similarly situated. As this court held with respect to section 22 of article IV, "That the statute operates uniformly upon all members of a class created as the beneficiaries of the act is not the sole test to be applied, but in order to avoid the constitutional inhibition last above quoted it must also appear that there is a sound basis, in reason and principle, for regarding the class of individuals as a distinct and separate class for the purpose of the particular legislation." *Phillips* v. *Browne,* 270 Ill. 450, 453.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings.

*Reversed and remanded.*