Freezer Storage, Inc., Appellant, *v.* Armstrong Cork Co. et al.

Argued April 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John E. Evans, Jr.,* with him *Evans, Ivory & Evans,* for appellant.

*Ronald W. Frank,* with him *Robert J. Pfaff,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* and *Egler & Reinstadtler,* for appellee.

OPINION BY JACOBS, J., June 24, 1975:

In December of 1965, Pennsylvania joined a growing number of jurisdictions when its legislature passed a statute limiting the liability of persons furnishing the design or construction of improvements to real property.

The Pennsylvania statute[1] provides that no action shall be brought against such persons more than 12 years after the completion of any such improvement.[2] In this case we are squarely presented with a three-pronged attack upon the constitutionality of the statute as violating first, the Pennsylvania constitutional proscription against special legislation;[3] second, the correlative equal protection clause of the United States Constitution;[4] and last, the due process clause of the Pennsylvania Constitution.[5]

The facts of the case reveal that the appellee, Armstrong Cork Co., undertook in 1956 to design, plan and install a low room temperature warehouse in a plant owned by the appellant, Freezer Storage, Inc. Appellant's complaint alleges that Armstrong was negligent in the designing, planning and installation of insulation material and that the appellant did not and could not reasonably have had knowledge of that negligence before 1970 when defects in the workmanship became apparent. Armstrong filed preliminary objections to the complaint alleging that the 1965 Act "destroyed" the appellant's right of action.[6] These preliminary objections were sustained by the court and, as to the appellee, the complaint was dismissed.[7]

---

1. Act of December 22, 1965, P.L. 1183, §1 *et seq.;* 12 P.S. §§65.1 *et seq.* (Supp. 1974-75) [hereinafter cited as "the 1965 Act"].

2. *Id.* at §65.1.

3. Pa. Const. art. III, §32.

4. U.S. Const. amend. xiv.

5. Pa. Const. art. I, §11.

6. No objections are raised as to the propriety of raising this defense by preliminary objection.

7. The appellant also brought a cause of action in the same complaint against a second corporation, alleging deficiencies in work performed on other occasions. The second corporation, Acands, Inc., did not file preliminary objections. The appellant expresses concern as to whether the order dismissing appellant's complaint dismissed its complaint as to both defendants or as to Armstrong alone. The latter interpretation is correct.

The Act in question provides in pertinent part that
"[n]o action . . . to recover damages:

(1) [f]or any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property, [or]

(2) [f]or injury to property, real or personal, arising out of any such deficiency,

. . .

shall be brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of such improvement more than twelve years after completion of such an improvement."

Reviewing the constitutionality of an Act of Assembly we are guided by well established principles. An Act is cloaked with a strong presumption of constitutionality, *Lemon v. Kurtzman,* 411 U.S. 192 (1973), and "will not be declared unconstitutional unless it *clearly, palpably* and *plainly* violates the Constitution." *Daly v. Hemphill,* 411 Pa. 263, 271, 191 A. 2d 835, 840 (1963) (emphasis original). The burden of proof is on the party attacking the constitutionality of the statute, and all doubt must be resolved in favor of sustaining the legislation. *Milk Control Comm. v. Battista,* 413 Pa. 652, 198 A. 2d 840 (1964). Upon review we must conclude that the appellant's challenge simply does not meet this rigorous test.

## I

Appellant initially asserts that the Act in question is special legislation standing in violation of article III, section 32 of the Pennsylvania Constitution.[8] It is, of course, "a fundamental principle of our constitutional form of government that the legislative power ought to

---

8. "The General Assembly shall pass no local or special law in any case which has been or can be provided for by general law . . . ." Pa. Const. art. III, §32.

be exercised in a general and impartial manner and that new law ought not be made in the individual case."[9] Article III, section 32 was adopted "to put an end to the flood of privileged legislation for particular localities and for private purposes . . . ." *Haverford Township v. Siegle,* 346 Pa. 1, 6, 28 A. 2d 786, 788 (1942).

Classification *per se,* however, is not inherently unconstitutional. "A classification in and of itself is not prohibited . . . as long as the classification is reasonable and founded upon a genuine distinction." *Bargain City U.S.A., Inc. v. Dilworth,* 407 Pa. 129, 133, 179 A. 2d 439, 442 (1962). "Legislation for a class distinguished from a general subject is not special, but general, and classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant ones used for the purpose of evading the constitutional prohibition." *Dufour v. Maize,* 358 Pa. 309, 313, 56 A. 2d 675, 677 (1948). It is not for the courts to substitute their judgment for that of the legislature.

"The test is, not wisdom, but good faith in the classification." *Seabolt v. Commissioners,* 187 Pa. 318, 323, 41 A. 22, 23 (1898). The duty of the courts is to consider only whether the legislature had any reasonable basis for making the classification.

The class protected by the Act in question includes "any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction" of improvements to real property. This is a broad class and no distinctions are made within it. "[A] statute which relates to persons or things as a class, is a general law, while a statute which relates to particular persons or things of a class is special, and comes within the constitutional prohibition." *Wheeler v.*

---

9. Krasnowiecki, *Zoning Litigation and the New Pennsylvania Procedures,* 120 U.Pa.L.Rev. 1029, 1038 n. 29 (1972).

*Philadelphia,* 77 Pa. 338, 348 (1875). *See State Bd. of Chiropractic Examiners v. Life Fellowship of Pa.,* 441 Pa. 293, 272 A. 2d 478 (1971). The Washington Supreme Court upheld its similar statute against a special legislation challenge in *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.,* 81 Wash. 2d 528, 503 P. 2d 108 (1972). The court found persuasive the fact that "the scope of the Washington provision is not limited as to vocation. The subject statute bars actions against *any person* having constructed, altered or repaired any improvement upon real property." *Id.* at 532, 503 P. 2d at 111 (emphasis original); *see also Rosenberg v. Town of North Bergen,* 61 N. J. 190, 293 A. 2d 662 (1972). We cannot conclude that the 1965 Act is a special law coming within the constitutional proscription. *See Rosenberg v. Town of North Bergen,* supra; *contra, Skinner v. Anderson,* 38 Ill. 2d 455, 231 N. E. 2d 588 (1967) (holding the Illinois statute unconstitutional as violating a special legislation proscription).

## II

Similarly, we find no violation of the equal protection clause of the fourteenth amendment.[10] "[T]he Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 425-26 (1961).

---

10. "[N]or shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. xiv, §1.

The Supreme Court has consistently recognized that "the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways." *Reed v. Reed,* 404 U.S. 71, 75 (1971). A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *F. S. Royster Guano Co. v. Virginia,* 253 U.S. 412, 415 (1920). We do not find an arbitrary classification in the present statute. All potential plaintiffs who may be injured by deficiencies in improvements to real property are treated alike, as are all members of the class participating in the construction of those improvements. *See Harris v. Pa. Turnpike Comm.,* 410 F.2d 1332 (3d Cir. 1969), *cert denied,* 396 U.S. 1005 (1970); *see also Silver v. Silver,* 280 U.S. 117 (1929).

Neither can we say that the classification is not rationally related to the accomplishment of some legitimate state purpose such as the prevention of stale or fraudulent claims or the encouragement of periodic and reasonable inspections by owners or persons in possession. Therefore, we must reject appellant's claim that the Act violates the equal protection clause. *See, Adler v. Montefiore Hosp. Ass'n,* 453 Pa. 60, 311 A. 2d 634 (1973), *cert. denied,* 414 U. S. 1131 (1974); *but see Fujioka v. Kam,* 55 Ha. 7, 519 P. 2d 568 (1973) (holding that a similar Hawaii statute violates equal protection).

### III

Appellant also challenges the Act as a violation of the due process clause of the Pennsylvania Constitution, Article I, section 11, which prohibits the denial of redress to injured parties. Derived from Chapter 29 of the Magna Carta, section 11 states:

"[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputa-

tion shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

The Act challenged clearly eliminates the right to bring an action against a person who improves real property if a 12-year period has elapsed from the date of the completion of the improvement. However, "[n]o one has a vested right in a statute of limitations or other procedural matters . . . . So long as there is no omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued, a want of due process is in no way involved." *Agostin v. Pittsburgh Steel Foundry Corp.*, 354 Pa. 543, 549, 47 A.2d 680, 683 (1946). As a general principle "[i]t is not within the power of the legislature, under the guise of a limitation provision, to cut off an existing remedy entirely, since this would amount to a denial of justice, and, manifestly, an existing right of action cannot be taken away by legislation which shortens the period of limitation to a time that has already run." 51 Am. Jur. 2d, Limitation of Actions, §28, at 613, *quoted in Saylor v. Hall*, 497 S.W.2d 218, 225 (Ky. 1973).

Our analysis must necessarily begin with the question of whether the 1965 Act removed an existing remedy or whether it removed the underlying right itself. The distinction is subtle, yet important. In Pennsylvania there is authority, albeit less than definitive, for the proposition that the legislature may abolish a cause of action theretofore existing. If the 1965 Act abolished a cause of action before it accrued then no violation of due process is involved. No "omission of a remedy for the enforcement of a right for which a remedy existed when the right accrued . . . ," *Agostin v. Pittsburgh Steel Foundry Corp.*, supra at 549, 47 A.2d at 683, has occurred.

The Supreme Court of Oregon in *Josephs v. Burns*, 260 Or. 493, 491 P.2d 203 (1971) in upholding a similar statute of ultimate repose against a like due process

attack held that "[a]ssuming that the effect of [the statute] is to abolish causes of action in tort where the damage does not result within ten years after the negligent acts or omissions complained of, we see nothing unconstitutional in so doing." *Id.* at 503, 491 P.2d at 207. Quoting from an earlier Oregon case, the court stated that the due process clause of the Oregon Constitution "was not intended to give anyone a vested right in the law either statutory or common; nor was it intended to render the law static . . . ." *Id., quoting, Noonan v. City of Portland,* 161 Or. 213, 249, 88 P.2d 808, 822 (1939). The Oregon Court further noted:

> "[i]t has always been considered a proper function of legislatures to limit the availability of causes of action by the use of statutes of limitation so long as it is done for the purpose of protecting a recognized public interest." *Id.* at 503, 491 P.2d at 207-08.

The Supreme Court of New Jersey addressed itself to the due process argument in *Rosenberg v. Town of North Bergen,* 61 N.J. 190, 293 A.2d 662 (1972). Distinguishing the New Jersey statute from the typical statute of limitation, the court noted that

> "[t]he time within which suit may be brought under this statute is entirely unrelated to the accrual of any cause of action.
>
> "It does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action, from ever arising. Thus injury occurring more than ten years after the negligent act allegedly responsible for the harm, forms no basis for recovery. The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*— a wrong for which the law affords no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy. The Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is

disturbed." *Id.* at 199-200, 293 A.2d at 666-67 (emphasis original).

In Pennsylvania, as stated above, there is authority permitting the legislature to abolish causes of action. In *Sherwood v. Elgart*, 383 Pa. 110, 117 A.2d 899 (1955), the Supreme Court upheld a statute immunizing the proprietor of a hotel for the loss by fire of property in a guest's room unless the fire was intentionally started by the proprietor or his servants. The guest's challenge under article I, §11 was dismissed as being "without merit." In *Kirby v. Pa. R.R. Co.*, 76 Pa. 506 (1875), a statute limiting causes of action of nonrailroad employees was upheld. In *McMullen v. Nannah*, 49 Pa. D. & C. 516 (Beaver Co. 1943), a heartbalm statute abolishing all causes of action for alienation of affection and breach of contract to marry was upheld. Similarly, the Court in *Jackman v. Rosenbaum Co.*, 263 Pa. 158, 106 A. 238 (1919), *aff'd*, 260 U.S. 22 (1922), noted that the applicability of the fundamental principles of the common law to given changes "necessarily varies according to changes wrought by usage or statutory enactment; . . . what today is a trespass, may, by development of law, not be so tomorrow." *Id.* at 175, 106 A. at 244. "[T]he Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object." *Silver v Silver*, 280 U.S. 117, 122 (1929). We hold that the 1965 Act does not transgress article I, §11 of our Constitution.

Appellant's remaining contention that the 1965 Act violates article III, §18 of the Pennsylvania Constitution which prohibits the legislature from limiting the amount recoverable for "injuries to persons or property" may be disposed of summarily. Under the present statute there is no limitation on the amount recoverable if the action is brought within 12 years. Once we have determined that the right may be constitutionally eliminated, article III, §18 is inapplicable.

Judgment affirmed.