**LOYAL ORDER OF MOOSE, LODGE 1785, a Charitable Corporation, Appellant,**

v.

**William CAVANESS, d/b/a William Cavaness and Associates, et al., Appellees.**

No. 49215.

Supreme Court of Oklahoma.

April 19, 1977.

Miller, Granger & Hamilton by Barney W. Miller, Oklahoma City, for appellants.

Edgar Fenton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for Warren E. Sullivan d/b/a Sullivan Engr. Co.

Robert S. Baker, Baker, Baker & Wilson, Oklahoma City, for Thomas Concrete Products Co.

Tom M. Barrett, Bethany, for Wm. Cavaness, d/b/a Wm. Cavaness & Asso. appellees.

DOOLIN, Justice.

This appeal involves the constitutionality of 12 O.S.1971 § 109. This is one provision of an act passed by the Legislature in 1967 limiting the time in which persons may commence an action against an architect, builder, contractor or "any person performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement."[1] The questioned section of the act provides that any action against persons named must

---

1. The act in its entirety reads:

"§ 109. *Limitation of action to recover damages arising from design, planning or construction of improvement to real property.*—No action in tort to recover damages
  (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
  (ii) for injury to property, real or personal, arising out of any such deficiency, or
  (iii) for injury to the person or for wrongful death arising out of any such deficiency,
shall be brought against any person performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than five (5) years after substantial completion of such an improvement.

§ 110. *Injury occurring during fifth year after substantial completion.*—Notwithstanding the provisions of Section 1 of this act, in the case of such an injury to property or the person or such an injury causing wrongful death, which injury occurred during the fifth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within two (2) years after the date on which such injury occurred (irrespective of the date of death) but in no event may such an action be brought more than seven (7) years after the substantial completion of construction of such an improvement.

§ 111. *Period for bringing actions not extended.*—Nothing in this act shall be construed as extending the period prescribed by the laws of this state for the bringing of any action.

§ 112. *Defense.*—The limitation prescribed by this act shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of

be commenced within five years after substantial completion of the construction. Any tort action against designers, engineers, etc. is thus barred after five years regardless of whether or not the defect was apparent or could have been discovered with reasonable diligence.[2]

Moose Lodge, plaintiff, hired defendants to design, and construct a building to be used as a lodge. The building was completed and occupied by plaintiff in December of 1967. Following heavy rains in November of 1974, water which had accumulated on the roof ran into the heating and air-conditioning ducts causing serious damage to the property. Plaintiff filed the present action in June of 1975, alleging the roof collapsed due to the negligent design, engineering and installation by defendants. Plaintiff sought damages in the sum of $30,500.00 for property damages and loss of business.

Defendants demurred to plaintiff's petition on the grounds it was barred by the limitations of 12 O.S.1971 § 109. The trial court sustained the demurrers and dismissed the action. Plaintiff appeals on the sole basis of the unconstitutionality of the statute.

As of the spring of 1969, some thirty jurisdictions had passed statutes similar to this one.[3] At this time five jurisdictions have found them unconstitutional on various grounds,[4] and eight have held them to be constitutional.[5]

The acts are not uniform throughout the jurisdictions. Provisions as to type of actions precluded, class of people protected and time in which such actions must be commenced are the primary variations. The Oklahoma statute does not cover actions in contract such as breach of warranty. Although in plaintiff's petition in error he claims damages were sought for "alleged breach of warranty of fitness," the petition filed in district court reads solely as a suit for damages for negligence. The petition sounds wholly in tort and we will consider it as covered by the statute.

This constitutional attack by plaintiff is made on three bases: (1) the legislation abrogates a common law right, (2) the law is special legislation in violation of Art. 5 § 51 of the Oklahoma Constitution, (3) the law is a violation of the equal protection clause of the 14th Amendment to the United States Constitution, in that owners are not given the same protection as architects, engineers etc., when they are defendants.

The jurisdictions ruling on the constitutionality of similar statutes have used different approaches. Some deal with the abrogation of rights, some with the question of special legislation and others with the equal protection problem as it applies to parties in the suit.

*Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662 (1972) dealt with the issue of abrogation of common law rights

such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action.

§ 113. *"Person" defined.*—As used in this act, the term "person" shall mean an individual, corporation, partnership, business trust, unincorporated organization, association or joint stock company."

**2.** Also see Legislation; Oklahoma's Statute Limiting Actions Against Designers and Builders of Improvements to Real Property 27 OLR 723 (1974).

**3.** Limitations of Actions; Statute for Architects and Builders Blueprint for Non-action, 18 Cath. L.R. 361 (1969).

**4.** *Skinner v. Anderson*, 38 Ill.2d 455, 231 N.E.2d 588 (1967); *Fujioka v. Kam*, 514 P.2d 568 (Haw. 1973); *Saylor v. Hall*, 497 S.W.2d 218 (Ky.1973); *Bagby Elevator and Electric Co., Inc. v. McBride*, 292 Ala. 191, 291 So.2d 306 (1974); *Kallas Millwork Corporation v. Square D. Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1975).

**5.** *Carter v. Hartenstein*, 248 Ark. 1172, 455 S.W.2d 918 (1970); *Joseph v. Burns*, 260 Or. 493, 491 P.2d 203 (1971); *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.*, 81 Wash.2d 528, 503 P.2d 108 (1972); *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662 (1972); *Nevada Lakeshore Co., Inc. v. Diamond Electric, Inc.*, 89 Nev. 293, 511 P.2d 113 (1973); *Good v. Christensen*, 527 P.2d 223 (Utah 1974); *Freezer Storage, Inc. v. Armstrong Cork Co.*, 234 Pa.Super. 441, 341 A.2d 184 (1975); *Regents of University v. Hartford Accident & Indemnity Co.*, 131 Cal.Rptr. 112 (Cal.App.1976).

and upheld the constitutionality of a similar statute. That court distinguished their statute from the ordinary statute of limitations, finding it did not void an existing remedy or cause of action but rather prevented what otherwise might be a cause of action from every arising. It held the harm that was done was "damnum absque injuria"—a wrong for which the law affords no redress, stating that the Legislature is entirely at liberty to create new rights or abolish old ones as long as no vested right is disturbed.[6]

The Oklahoma statute of limitations of 12 O.S.1971 § 95 provides: "Civil actions . . . . . can only be brought within the following periods, after the cause of action *shall have accrued.*" Generally a cause of action accrues at the moment the party owning it has a legal right to sue.[7] § 109 may bar a *right* of action before it accrues or even arises; discovery of damage or injury from a defect is immaterial. A true statute of limitations works on the *remedy* rather than the *right* and governs the time within which a legal proceeding must be instituted after a *cause of action accrues.*[8] The contested statute therefore is not a true statute of limitation but rather an absolute bar to a cause of action ever arising.

It is not within the power of the Legislature to cut off an existing or vested remedy entirely.[9] But unless a state constitution specifically forbids it, the Legislature may create new rights or abolish old ones recognized by the common law, if there are permissible legislative objectives.[10]

Is there anything in the Constitution of the State of Oklahoma that forbids the Legislature from abolishing, before it vests, a right of action against one who damages another?[11] Although this court has not spoken directly to the power of the Legislature to abolish causes of action, the Legislature has in fact barred actions to enforce certain rights that existed at common law.[12] Furthermore the Legislature certainly may define what constitutes an actionable wrong. The challenged statute does not abrogate an absolute vested right.[13] The right does not vest until it accrues. There is no vested right to a remedy after the substantive right is lost.[14]

We agree with the analysis by the New Jersey court in *Rosenberg v. Town of North Bergen,* supra, and therefore hold it is within the power of the Legislature to modify or abolish an old right under common law as long as no vested right is disturbed. In this case the right abolished after 5 years is the right to an action in tort for property damages against those protected by the statute.[15]

**6.** *Rosenberg v. Town of North Bergen,* supra, at p. 667.

**7.** *Harmon v. Harmon,* 527 P.2d 610 (Okl.Ct. App.1974).

**8.** *Skinner v. Anderson,* 38 Ill.2d 455, 231 N.E.2d 588 (1967); *Munsingwear, Inc. v. Tullis,* 557 P.2d 899 (Okl.1976).

**9.** *Saylor v. Hall,* 497 S.W.2d 218, 225 (Ky.1973) quoting 51 Am.Jur.2d Limitations of Actions § 28, p. 613.

**10.** *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

**11.** Art. 2 § 6 "The courts of justice of the State shall be open to every person and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation; . . . .."

**12.** For example certain heart balm causes of action such as seduction and alienation of affection. 76 O.S.1976 Supp. § 8.1; Also see Good Samaritan Act, 76 O.S.1976 Supp. § 5.

**13.** *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District,* 464 P.2d 748 (Okl.1969); *Anderson v. Corporation Commission,* 327 P.2d 699 (Okl.1958); *Adams v. Iten Biscuit Co.,* 63 Okl. 52, 162 P. 938 (1917).

**14.** *Mires v. Hogan,* 79 Okl. 233, 192 P. 811 (1920).

**15.** Art. 23 § 7 Oklahoma Constitution provides: "The right of action to recover damages for injuries resulting in death shall never be abrogated . . . ." This section appears to preclude the portion of § 109 barring actions for wrongful death. However, this is not an issue in this case.

Although a Legislature may abolish a cause of action, this is not to say it may exercise its authority in a manner that is unreasonably discriminatory or violates a constitutional mandate. In Oklahoma the Legislature is constitutionally forbidden from creating special legislation that grants any association, corporation or individual, any exclusive rights, privileges or immunities within this State.[16] This is the second assertion of unconstitutionality claimed by plaintiff. Plaintiff submits § 109 violates this constitutional provision by affording immunity from suit to architects, engineers and contractors to the exclusion of other workers in the construction business. We do not entirely agree.

*Rosenberg* also dealt with the issue of whether or not the New Jersey statute violated its constitutional proscription against special legislation. We accept the broad interpretation given to "any person" by that court. The statute probably was intended to limit the liability of the narrow class consisting of architects and engineers etc. In its enacted form it must be read to be much broader and include materialmen, manufacturers or anyone involved in providing material or service in the construction.

However all inclusive this statute may be, it does exclude one limited class of defendants from its protection, the owners or tenants in possession. This brings us to the final constitutional hurdle this act must pass, that of the equal protection safeguard of the 14th amendment to the United States Constitution.

The Legislature has wide latitude to create statutory classifications, but to withstand constitutional scrutiny, any discrimination must satisfy important legislative objectives and above all be reasonable.[17]

In *Freezer Storage v. Armstrong Cork Co.*, 234 Pa.Super. 441, 341 A.2d 184 (1975), the court, in upholding the constitutionality of the statute, specifically found it treated all classes of *plaintiffs* including owners and tenants, alike. A third party suing for damages would be barred after five years as well as an owner or tenant in possession. However there is another aspect of the equal protection issue that involves discrimination against owners or tenants when they are *defendants*. Plaintiff suggests § 109 creates a situation where an owner, as a *defendant*, might be responsible after five years for injuries to a third person, while the contractor or architect who was primarily responsible for the injuries would be immune from suit. Plaintiff submits there is no reasonable basis for this type of arbitrary classification. We agree.

The Supreme Court in *Fujioka v. Kam*, 514 P.2d 568 (Haw. 1973) cited by plaintiff, found the Hawaii statute did discriminate against owners and tenants as defendants and was thus constitutionally offensive. Although the Hawaii statute is made applicable only to registered or duly licensed persons performing such services and barring actions after ten years, its reasoning is persuasive. In that case plaintiff sued owners for injuries suffered when the roof of a market fell on her. She sued the owners, who filed a third-party complaint against the engineer and contractor responsible for the construction of the roof. The trial court granted summary judgment for the engineer and contractor. The owners appealed attacking the constitutionality of the statute. The court reversed. Assuming negligence of the contractor and engineer was the proximate cause of the injuries, if it were not for the statute, the owners would be entitled to relief from the engineer and contractor. The statute on the one hand granted immunity to the engineer and contractor who should and would be primarily responsible for the injuries, and on the other hand burdened owners with liability for injuries for which they were not responsible.

"Stated another way, the cause of the injuries is the same, the plaintiff is the

---

16. Art. 5 § 51 Constitution of State of Oklahoma.

17. *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

same and the injuries are the same—but under the statute the plaintiff may not recover from the engineer and the contractor even though the negligence of the engineer and the contractor may have been the sole proximate cause of the injuries suffered by the plaintiff. However, the plaintiff may recover damages from the owners, and the owners will have no right to have the engineer and the contractor reimburse or contribute to them the amount of damages they are required to pay the plaintiff. We are unable to see any rational basis for treating the engineer and the contractor differently from the owners under the same circumstances.

It is clear that the classification does not rest upon some reasonable consideration of differences (between the classes under the same circumstances), which have a fair and substantial relation to the object of the legislation. Nor is the classification founded upon a reasonable distinction or difference necessitated by state policy. A statute making such an unsupportable classification fails to meet the requirements of the equal protection guaranty. (Citations omitted)."

We believe this same analysis may be applied to the Oklahoma act. Public policy reasons might be said to justify outlawing legitimate claims in order that at some definite time there be an end to potential litigation.[18] But if one class of defendants, owners and tenants, is excluded from this protection, the 14th Amendment to the United States Constitution is violated and the legislation is not valid. We therefore hold 12 O.S.1971 §§ 109–113 are unconstitutional.

REVERSED AND REMANDED WITH DIRECTIONS TO REINSTATE THE ACTION.

HODGES, C. J., and DAVISON, WILLIAMS, BARNES and SIMMS, JJ., concur.

LAVENDER, V. C. J., and IRWIN and BERRY, JJ., concur in result.

---

**18.** These public policy reasons for protection from interminable liability may be served by the passage of time which makes more difficult any proof of negligence.