## CIRCUIT COURT OF THE CITY OF RICHMOND

Brian D. Martin, Administrator
of the Estate of Wanda Kay Martin

v.

Guardite, Inc., et al.

July 12, 1989

Case No. LM 2053

By JUDGE MELVIN R. HUGHES, JR.

On June 15, 1989, the Court heard evidence on defendant's Special Plea of the Statute of Repose.

The pertinent facts for the court's determination are as follows. On July 22, 1986, the plaintiff's decedent, Wanda K. Martin, was killed while working inside the chamber of a tobacco conditioning machine at the Philip Morris plant on 20th Street. The machine was designed, manufactured, and installed by defendant, Guardite, Inc., now Martin Marietta, sometime prior to 1949. Plaintiff claims that the machine was defective, did not contain adequate warnings and safety devices, and was inherently dangerous. He relies on theories of negligence, express and implied warranties of merchantability, and implied warranty of fitness for a particular purpose for recovery.

In 1964, the Virginia General Assembly enacted Code Section 8-24.2 which states in its pertinent part:

No action to recover damages for . . . wrongful death, arising out of the defective and unsafe condition of an improvement to real property . . . *shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such*

*improvement* to real property more than five years after the performance or furnishing of such services and construction. (Emphasis added)

In 1973, the General Assembly amended the statute and added the following as a second paragraph:

This limitation shall not apply to the manufacturer or supplier of any equipment or machinery or any other articles which are installed in or become a part of any real property either as an improvement or otherwise . . .

It is undisputed that the Guardite machine was an improvement to the real property owned by Philip Morris. The question presented is whether former Section 8-24.2, the controlling law in this case, applies to manufacturers of equipment and machinery, like Guardite, Inc.

Defendants contend that the original express language of Section 8-24.2, along with the amendment excluding manufacturers of equipment or machinery, evinces the legislature's intent that Section 8-24.2 included manufacturers.

Plaintiff, on the other hand, argues that the legislative intent of Section 8-24.2 has always been to exclude manufacturers of equipment or machinery. He relies on a House of Delegates Committee Report which stated that the decision in *Wiggins v. Proctor & Schwartz, Inc.*, 330 F. Supp. 350 (E.D. Va. 1971), holding that manufacturers of equipment and machinery were protected by Section 8-24.2, was an erroneous interpretation of the act and that, by the amendment, the Legislature meant to clarify that which was already provided in the statute's original form.

The court agrees with the argument advanced by the defendants. The language of Section 8-24.2 is not ambiguous. *See Adams v. Carrier Corp.*, 1 Va. Cir. 150 (1973).

When the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is not permitted because we take the words as written to determine their meaning . . . And, when an enactment is unambiguous, extrinsic legislative history may not be used to create an ambiguity, and then remove

it, where none otherwise exists. *Taylor v. Shaw and Cannon Co.*, 236 Va. 15, 19 (1988) (quoting *Brown v. Lukhard*, 229 Va. 316, 321 (1985).

For this reason, the court finds no reason to consider the legislative intent of Section 8-24.2 as urged by plaintiff.

There is but one conclusion to be drawn from the clear language of Section 8-24.2, as was pronounced by the Supreme Court in *Cape Henry v. Natl. Gypsum*:

> [W]e conclude that the language of Code Section 8-24.2, as originally enacted, was sufficiently broad to include parties who furnished materials incorporated into the construction of improvements to real estate, that the General Assembly, in 1973, determined that it was inadvisable to continue to extend the protection of the statute to manufacturers and suppliers of machinery and equipment, and that the 1973 amendment, in response to *Wiggins*, removed the statutory protection from such parties. 229 Va. 596, 601 (1985).

Accordingly, defendants' Special Plea of the Statute of Repose is granted.