**Loretta JASINSKI, Plaintiff,**

v.

**SHOWBOAT OPERATING COMPANY, d/b/a Showboat Hotel, Defendant and Third–Party Plaintiff-Appellant,**

v.

**R. C. JOHNSON & ASSOCIATES, and Jonny Industries, Third–Party Defendants–Appellees.**

No. 78–3665.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 12, 1980.

Decided Jan. 23, 1981.

As Amended April 3, 1981.

**1278**

Thomas D. Beatty, Las Vegas, Nev., for defendant and third–party plaintiff–appellant.

Peter N. Reynolds, Las Vegas, Nev., argued, George W. Johnson, Jr., Johnson & Pilkington, Walter R. Cannon, Cromer, Barker & Michaelson, Las Vegas, Nev., on brief, for third–party defendants–appellees.

Before WALLACE and KENNEDY, Circuit Judges, and BURNS,* District Judge.

BURNS, District Judge:

Showboat Hotel (Showboat) appeals from an order granting summary judgment to third–party defendants R. C. Johnson & Associates (Johnson) and Jonny Industries (Jonny) on Showboat's third–party complaint. By granting summary judgment without oral argument despite Showboat's timely request for oral argument, the district court violated F.R.C.P. 56 and its own local rules, causing prejudice to Showboat. Accordingly, we reverse and remand for reconsideration following oral argument.

In 1962 Showboat contracted with Johnson as general contractor to construct an addition to the hotel. Johnson subcontracted with Jonny to supply shower–door assemblies for the new rooms, which assem-

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

blies were subsequently installed in each of the rooms. The construction was substantially completed by July 1963 and fully completed by October 1963.

Over 10 years later, in August 1974, Loretta Jasinski allegedly sustained injury when a shower–door assembly collapsed upon her in the bathtub of her rented room at the Showboat Hotel. Jasinski sued Showboat in the United States District Court for the District of Nevada under that court's diversity jurisdiction. Her complaint alleges, among other particulars, that Showboat negligently failed to inspect, repair or replace the "defective shower door," and failed to warn guests or to "properly install" the shower door.

Showboat answered, denying responsibility, and filed a third–party complaint against Jonny and Johnson, alleging that the former negligently designed the door assembly and the latter negligently purchased and installed the faulty doors in 1963. Each third–party defendant moved separately for summary judgment on the ground that the third–party complaint was barred by Nevada Revised Statutes § 11.-205, requiring generally that actions against persons involved in the construction of an improvement to real property be brought within six years after substantial completion of the improvement.[1] Showboat filed

written submissions, opposing each motion with points and authorities. After each motion was filed the district court filed a written order requiring the parties to advise the court within ten days if they were willing to waive oral argument. In both instances Showboat responded with timely requests for oral argument.[2] However, no oral argument was ever had or scheduled. Thereafter, on October 28, 1978, the district court delivered its opinion granting summary judgment to both third–party defendants on the ground that NRS 11.205 barred the third–party complaint.

In this appeal Showboat contends that the district court's decision must be reversed because: a) the court allowed summary judgment without granting Showboat's request for oral argument; b) the application of NRS 11.205 to Jonny, which allegedly supplied but did not install the shower–door assemblies, was clearly erroneous; and c) NRS 11.205 offends Nevada's state constitution. Our disposition of the first ground for appeal makes it unnecessary to reach the latter two.

■ It is undisputed that the court below failed to comply with District of Nevada Local Rule 16(g), which requires oral argument on all motions for summary judgment

---

1. NRS 11.205 provides in full:

N.R.S. 11.205: Actions for damages for injury to person or property or wrongful death caused by deficiency in design, planning, supervision of construction or construction of improvements to real property.

1. No action in tort, contract or otherwise shall be commenced against any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 6 years after the substantial completion of such an improvement, for the recovery of damages for:

(a) Any deficiency in the design, planning, supervision or observation of construction or construction of such an improvement; or

(b) Injury to real or personal property caused by any such deficiency; or

(c) Injury to or wrongful death of a person caused by any such deficiency.

2. Notwithstanding the provisions of NRS 11.190 and subsection 1 of this section, where injury occurs in the sixth year after

substantial completion of such an improvement, an action for damages for injury to property or person, damages for wrongful death resulting from such injury or damages for breach of contract may be commenced within 1 year after the date of such injury, irrespective of the date of death, but in no event may an action be commenced more than 7 years after the substantial completion of the improvement.

3. Where an action for damages for wrongful death or injury to person or property caused by any deficiency in an improvement to real property is brought against a person in actual possession or control as owner, tenant or otherwise of such an improvement, the limitation prescribed by this section shall not be a defense for such person.

2. Jonny also responded with a written request for oral argument, and Johnson's motion for summary judgment had borne the notation "(Oral Argument Requested)."

unless waived by all parties.[3] It is also clear that the district court violated F.R. C.P. 56 as interpreted in *Dredge Corporation v. Penny*, 338 F.2d 456 (9th Cir. 1964). In *Dredge Corporation* we reversed a summary judgment granted without oral argument where the district court had given effect to a local rule authorizing oral argument only upon request by the party making the motion, and then only by leave of the court. The party opposing the motion could not request oral argument, and the district court had rejected the movant's request for oral argument. That the denial of oral argument in this case breached rather than effectuated the applicable local rule does not remove it from the rationale of *Dredge Corporation*:

> Rules 56(c), 78 and 83, read together, authorize district courts to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived.... But in view of the language of Rule 56(c), and having in mind that the granting of such a motion disposes of the action on the merits, with prejudice, a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied.

Id. at 462 (footnotes, citation omitted).[4]

Third–party defendants Jonny and Johnson argue that noncompliance with local rules does not require reversal unless the appellant demonstrates prejudice resulting from the breach. Showboat responds that noncompliance with FRCP 56 requires reversal without regard to prejudice or, alternatively, that the appellee should bear the burden of showing that noncompliance with local or federal rules of procedure did not prejudice the appellant.[5] We do not decide whether noncompliance with local or federal rules governing summary judgment requires reversal without regard to prejudice, or which party would bear the burden on the issue of prejudice, because prejudice to Showboat is evident on the record before us.

The district court candidly expressed its uncertainty about the proper interpretation of NRS 11.205. The court agreed with Showboat that the most reasonable interpretation, and the one probably intended by the state legislature, would exclude mere materialmen and suppliers from the statute's six–year bar. But the court applied the statutory bar to the action against supplier Jonny Industries on the strength of the sole Nevada decision to have construed NRS 11.205, *Nevada Lakeshore Co. v. Dia-*

---

**3.** District of Nevada Local Rule 16(g) provides in full:

> Unless all parties waive oral argument, all motions for summary judgment shall be calendared for a hearing before this court decides the same. All other motions may, in the court's discretion, be considered and decided with or without a hearing, whether or not oral argument is requested.

**4.** The local rule disapproved in *Dredge Corporation*, District of Nevada Local Rule 7, was subsequently replaced by the local rule asserted in this appeal, Rule 16(g).

The scope of the *Dredge Corporation* principle is not universal. In prisoner civil rights cases, 42 U.S.C. § 1983, there is no absolute right to be heard orally where the defendant has moved for summary judgment, except in the most compelling circumstances, a matter left to judicial discretion. *See, Price v. Johnston*, 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1060–61, 92 L.Ed. 1356 (1948); *Holt v. Pitts*, 619 F.2d 558 (6th

Cir. 1980); *Cf. Wimberley v. Rogers*, 557 F.2d 671 (9th Cir. 1977) (dictum) (the court declined to hear the respondent's oral argument on summary judgment because of the unavailability of the plaintiff-prisoner). We need not delineate the precise dimensions of this exception, however, because it is clearly well removed from the present case.

**5.** This court has previously ruled that nonprejudicial noncompliance with local rules "is not of itself sufficient reason to reverse." *Matter of Telemart Enterprises, Inc. v. Holzman*, 524 F.2d 761, 766 (9th Cir. 1975), *cert. denied*, 424 U.S. 969, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976). *Accord, Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 784 (9th Cir. 1970). Those cases did not involve summary judgment or violations of the Federal Rules of Civil Procedure. Nor did they discuss which party ought to bear the burden[s] of production or proof on the issue of prejudice.

*mond Electric, Inc.*, 89 Nev. 293, 511 P.2d 113 (1973). The district court concluded that the Nevada Supreme Court had "apparently" extended NRS 11.205 to mere suppliers although the question was neither raised nor discussed in *Nevada Lakeshore* and it is unclear from that decision whether any of the parties invoking the bar were mere suppliers divorced from installation. It is precisely in close cases such as this one that oral argument best serves the interests of justice. At trial or on appeal, oral argument enables the judge to test his or her thinking with counsel available to suggest illumination or refinement of issues the judge deems critical. *See* P. Carrington, D. Meador, M. Rosenberg, Justice on Appeal 17 (1976); Kaufman, "Appellate Advocacy in the Federal Courts," 79 F.R.D. 165, 170–72 (1979). We cannot know what effect oral argument would have had upon the district court, or what new arguments and emphases might have emerged from the colloquy between court and counsel, and we will not

ask appellant to produce a crystal ball. The district court's struggle with a close and critical question, evident on the face of the court's opinion, is enough to establish prejudice to the losing party.[6] We therefore reverse the order granting summary judgment to Jonny Industries.

■ The finding of prejudice based upon the district court's statutory interpretation does not extend to Johnson because, as Showboat concedes, NRS 11.205 clearly applies to the general contractor. In this appeal, however, Showboat challenges the validity of NRS 11.205 under several provisions of Nevada's state constitution. Although Showboat failed to raise these issues in its memoranda to the district court, it is quite possible that the additional time provided by scheduling oral argument, or the colloquy between court and counsel, would have given the district court an opportunity to consider the constitutional questions.[7]

6. Appellees argue that the statutory construction issue was adequately developed in the written materials submitted to the district court, but concede that they authored the bulk of those materials. A party entitled by local and federal rules to oral argument might well choose not to burden the court with excessive detail in its papers, on the assumption that this could be supplied more efficiently, should the court express interest, at oral argument.

A number of courts have addressed the coverage of suppliers under similar statutes, either directly, *Reeves v. Ille Electric Co.*, 551 P.2d 647, 653 (Mont.1976); *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214, 219, 233 (1977), or indirectly, *Carter v. Hartenstein*, 455 S.W. 918, 920 & n.1 (Ark.1970); *Skinner v. Anderson*, 38 Ill.2d 455, 231 N.E.2d 588, 591 (1967); *Broome v. Truluck*, 270 S.C. 227, 241 S.E.2d 739, 740 (1978); *Kallas Millwork Corp. v. Square D Co.*, 66 Wis.2d 382, 225 N.W.2d 454, 459 (1975); *Smith v. Allen–Bradley Co.*, 371 F.Supp. 698 (W.D.Va. 1974). *See* Comment, Limitation of Action Statutes for Architects and Builders–Blueprints for Non–action, 18 Cath.U.L.Rev. 361, 361. Although these authorities generally support Showboat's position that mere materialmen are not covered by the statute, not all of them were cited to the court below.

7. The constitutional arguments raised by Showboat Hotel on appeal are neither insubstantial nor obscure. Constitutional attacks upon similar statutes have been considered in at least 18 jurisdictions, and have met with success in about half. Cases invalidating similar statutes include *Overland Construction Co. v. Sirmons*, 369 So.2d 572 (Fla.1979); *Fujioka v. Kam*, 55 Hawaii 7, 514 P.2d 568 (1973) (statute extended only to licensed builders and architects); *Skinner v. Anderson*, 38 Ill.2d 455, 231 N.E.2d 588 (1967) (statute extended only to architects and builders); *Muzar v. Metro Town Houses, Inc.*, 82 Mich.App. 368, 266 N.W.2d 850 (1978) (statute extended only to licensed engineers and architects); *Pacific Indemnity Co. v. Thompson–Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977); *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P.2d 143 (Okl.1977) (violates equal protection provision but not due process provision); *Broome v. Truluck*, 270 S.C. 227, 241 S.E.2d 739 (1978); *Kallas Millwork Corp. v. Square D Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1975); *Phillips v. ABC Builders, Inc.*, 611 P.2d 821 (Wyo.1980). Cases upholding similar statutes include *Carter v. Hartenstein*, 455 S.W.2d 918 (Ark.1970); *Burmaster v. Gravity Drainage Dist. No. 2*, 366 So.2d 1381 (La.1978); *Reeves v. Ille Electric Co.*, 551 P.2d 647 (Mont.1976); *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662 (1972); *Howell v. Burk*, 90 N.M. 688, 568 P.2d 214 (1977); *Freezer Storage, Inc. v. Armstrong Cork Co.*, 476 Pa. 270, 382 A.2d 715 (1978); *Good v. Christensen*, 527 P.2d 223 (Utah 1974); *Smith v. Allen–Bradley Co.*, 371 F.Supp. 698 (W.D.Va. 1974); *Yakima Fruit & Cold Storage Co. v. Central Heat & Plumbing Co.*, 81 Wash.2d 528, 503 P.2d 108 (1972). *See generally*, Comment, *supra* note 6, at 372–73, 380, 383–84.

Johnson urges us to affirm as to it because Showboat, having failed to raise its constitutional issues in the trial court, would not normally be allowed to do so on appeal. *United States v. Plechner*, 577 F.2d 596, 598 (9th Cir. 1978); *Rothman v. Hospital Service of Southern California*, 510 F.2d 956 (9th Cir. 1975). We do not disturb the rule of these cases by reversing for a prejudicial breach of local and federal rules of procedure. Nor should we be construed as holding that a district court on oral argument is required to hear and decide legal arguments–constitutional or otherwise–that were not raised in the parties' prior written submissions. That issue, given the peculiar circumstances in this case, is not before us. The denial of oral argument on Johnson's motion prejudiced Showboat by depriving it of a significant opportunity, although not necessarily a legal right, to present substantial constitutional issues to the district court.

We therefore reverse the order granting summary judgment to R. C. Johnson & Associates.