Ramon Mendez HOUSTON,
Plaintiff-Appellant,

v.

Richard H. BRYAN, individually and as the Attorney General, State of Nevada; Larry D. Struve, individually and as the Chief Deputy Attorney General, State of Nevada; Robert Manley, individually and as the Chief Criminal Deputy Atty. General, State of Nevada; Brian Hutchins, individually and as the Deputy Attorney General, State of Nevada, Defendants-Appellees.

No. 83–1974.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 16, 1983.

Decided Feb. 8, 1984.

John Rupp, Covington & Burling, Washington, D.C., for plaintiff-appellant.

Donald L. Christenson, Asst. U.S. Atty., Carson City, Nev., for defendants-appellees.

Before MERRILL and BOOCHEVER, Circuit Judges, and WYZANSKI *, District Judge.

MERRILL, Circuit Judge.

Appellant was a witness to a homicide committed in Humboldt County, Nevada, by four persons with whom he was then travelling. He was taken into custody by the sheriff of that county as a material witness on July 4, 1980. Bail was set by a magistrate and, unable to provide bail, Appellant was, on the magistrate's order, confined in the county jail. The magistrate acted pursuant to Nevada law, Nev.Rev.Stat. § 178.-494, which provides, in part:

Bail for witnesses. If it appears by affidavit that the testimony of a person is

---

* Honorable Charles Edward Wyzanski, Jr., Senior United States District Judge, United States District Court for the District of Massachusetts, sitting by designation.

material in any criminal proceeding and if it is shown that it may become impracticable to secure his presence by subpena, the magistrate may require him to give bail for his appearance as a witness, in an amount fixed by the magistrate. If the person fails to give bail the magistrate may:

1. Commit him to the custody of a peace officer pending final disposition of the proceeding in which the testimony is needed;

2. Order his release if he has been detained for an unreasonable length of time; and

3. Modify at any time the requirement as to bail.

Appellant remained in jail from July 4, 1980 until August 17, 1981, during which period he gave testimony in the trial of one of the accused murderers. On two occasions the deputy district attorney sought to have Appellant's status as a material witness reviewed and requested an order from the court allowing Appellant's deposition to be taken so that he could be released. The first motion was denied. The second motion had not been acted upon when Appellant's release was obtained pursuant to a writ of habeas corpus issued by the United States District Court, 561 F.Supp. 1124, for the District of Nevada. In this action Appellant alleges that his detention was in violation of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986 and 1988.

The defendants were composed of two groups: (1) the county defendants, consisting of the county, the district attorney, the deputy district attorney, the sheriff, the deputy sheriff, and Brian Hutchins, a deputy attorney general who had been appointed as special deputy district attorney for prosecution of the murder charges; (2) the state defendants, consisting of the attorney general, the chief deputy attorney general, the chief criminal deputy attorney general, and Hutchins in his capacity as state officer.

After commencement of this action it was settled and dismissed with prejudice as to the county defendants. Summary judgment was then rendered in favor of the state defendants, and this appeal from that judgment followed.

The complaint charged that the state defendants were responsible for the official conduct of Hutchins and "for supervising, training and overseeing defendant Hutchins in the performance of his office;" also, "for establishing, implementing and enforcing standards, procedures and practices for the exercise of their own official functions and duties and those of their subordinates." It was alleged that the state defendants (other than Hutchins himself) "failed adequately and properly to carry out and discharge these responsibilities which resulted in and caused the injuries suffered by plaintiff as alleged herein."

Appellant initially argues that the District Court committed reversible error when it failed to grant his request for oral argument on Appellee's motion for summary judgment. Appellant relies on Rule 16(g) of the Rules of Practice for the United States District Court for the District of Nevada, which provides:

> All motions may, in the court's discretion, be considered and decided with or without a hearing, unless a hearing is requested and is required to be held by the decision in *Dredge Corporation v. Penny*, 338 F.2d 456 (9th Cir.1964).

Appellant argues that a District Court may never deny a request for oral argument when made by a party opposing a motion for summary judgment unless the motion is denied. See *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir.1964). It is well settled, however, that the scope of *Dredge Corporation*—a case in which the local rule precluded a party from requesting oral argument—is not absolute. See *Price v. Johnston*, 334 U.S. 266, 285–86, 68 S.Ct. 1049, 1059–60, 92 L.Ed. 1356 (1948); *Holt v. Pitts*, 619 F.2d 558 (6th Cir.1980). In *Jasinski v. Showboat Operating Co.*, 644 F.2d 1277 (9th Cir.1981), this Court explicitly left undecided the question of whether noncompliance with local or federal rules governing summary judgment requires reversal without regard to prejudice. 644 F.2d at 1280. The Court, however, did note that it had

previously ruled that nonprejudicial non-compliance with local rules " 'is not of itself sufficient reason to reverse.' " 644 F.2d at 1280 n. 5, *quoting Matter of Telemart Enterprises, Inc. v. Holzman*, 524 F.2d 761, 766 (9th Cir.1975), *cert. denied*, 424 U.S. 969, 96 S.Ct. 1466, 47 L.Ed.2d 736 (1976). We find the reasoning of those cases persuasive and hold that noncompliance with local and federal rules pertaining to a hearing on a motion for summary judgment is not, by itself, reversible error absent a showing of prejudice. While we admonish trial courts to grant oral argument on nonfrivolous summary judgment motions, in the instant case we find no prejudice. There are no arguments on this appeal that the District Court was not apprised of.

The District Court correctly concluded that, in order to state a claim for relief against the state defendants for unlawful confinement, Appellant must show, among other things, that the wrongful conduct of those defendants was the proximate cause of his detention. *See Arnold v. International Business Machines Corp.*, 637 F.2d 1350 (9th Cir.1981). In granting summary judgment the Court held that under *Hoffman v. Halden*, 268 F.2d 280 (9th Cir.1959) (*overruled on other issues, Cohen v. Norris*, 300 F.2d 24 (9th Cir.1962)), any acts or omissions charged against the state defendants as matter of law could not be said to have been the proximate cause of appellant's detention. The *Hoffman* opinion was quoted in part to the following effect:

> With these cases in mind we would reason as follows: In a Civil Rights conspiracy case, the injury and damage must flow from the overt acts. Where the gravamen of the injury complained of is commitment to an institution by court order, this order of the court, right or wrong, is ordinarily the *proximate cause* of the injury. Various preliminary steps occur before the order is made. * * * In the usual case, the order of the court would be the proximate cause and the various preliminary steps would be re-

mote causes of any injury from imprisonment or restraint under the court order.

> We are not saying that there could not be situations where a judge was so deceived and hoodwinked by proceedings brought before him that certain of these preliminary acts might not raise themselves to the status of a proximate cause of an injury, notwithstanding the intervening order of the court. There might be situations where the action of the court became in substance, merely a conduit for the wrongful action which preceded.

268 F.2d at 296–97 (footnote omitted).

The District Court cited *Flores v. Pierce*, 617 F.2d 1386 (9th Cir.), *cert. denied*, 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (1980), on which Appellant relies, as an example of a case in which preliminary facts might "raise themselves to the status of proximate cause of an injury." The District Court stated, however: "Nothing of such consequence has been alleged respecting the state defendants."

With reference to those allegations, as we have heretofore quoted them, the court took note of Nevada statutory law having to do with the functions and duties of the officials. The court noted that under Nevada law, the direct responsibility as public prosecutor lies with the district attorney, an elected official of each county. Nev.Rev. Stat. § 252.080. As to the attorney general, the court noted that he was limited to a supervisory role, pursuant to Nev.Rev.Stat. § 228.120, which provides in part:

> The attorney general may
>
>        *      *      *
>
> 2. Exercise supervisory powers over all district attorneys of the state in all matters pertaining to the duties of their offices, and from time to time require of them reports as to the condition of public business entrusted to their charge.

The District Court determined that the Nevada attorney general has no duty to intervene in prosecutions carried on by the various district attorneys of Nevada.[1] The District Court concluded:

---

1. The District Court also took note of the for-

mal procedures to be followed if a district at-

The tenor of these statutory provisions is that with respect to the general run of prosecutions in the various counties of Nevada the attorney general of Nevada has no duties and responsibilities. His authority concerning supervision of district attorneys is permissive and discretionary. These statutes cannot be a predicate for imposing civil rights responsibility and liability upon the attorney general and his deputies for actionable misconduct of local officials in relation to criminal prosecutions.

We find this construction by the District Judge of the law of his state to be reasonable and tenable and entitled to be received with deference. We conclude that under Nevada law failure of the attorney general and his deputies to prevent local officials from securing a court order that a material witness be retained in custody, or failure by them to secure a court order for the witness's release, cannot be said to constitute proximate cause of the confinement.

JUDGMENT AFFIRMED.

torney elects to request assistance from the attorney general, pursuant to Nev.Rev.Stat. § 228.130. That section provides, however, that even if such a request is made, action by the attorney general remains discretionary:

3. This section shall not be construed as directing or requiring the attorney gener-

al to appear in any proceedings mentioned in subsection 2, but in acting upon any such request the attorney general may exercise his discretion, and his judgment in such matters shall be final.