89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pete Luis MORENO; Robert Lopez Jaramillo; Lino Flores,
Plaintiffs-Appellants,
v.
James R. UPCHURCH; Tom Squire, Bill Williams, Investigator
Lucas; Sargent Biegenwald; Bill Hinsky; Michael
Cabinillas; Joyce McDaniel, Defendants-Appellees.
 No. 94-16875.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona State prisoners Pete Luis Moreno, Robert Lopez Jarmillo, and Lino Flores ("plaintiffs") appeal pro se the district court's summary judgment for defendant prison officials in their 42 U.S.C. § 1983 civil rights action alleging that the defendants violated their First and Fourteenth Amendment rights by reading and photocopying their incoming non-legal mail, and delaying its delivery by 10 to 15 days. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 In support of their motion for summary judgment, each defendant submitted an affidavit denying knowledge of the alleged memorandum from Warden Upchurch that directed the mailroom staff to forward the plaintiffs' mail to defendants Lucas and Squire for inspection. In addition, the defendants stated in their affidavits that, in accordance with Arizona Department of Corrections policy, the plaintiffs' mail is sent to its designated units on the same day that it is received, and that they have not caused a 10 to 15 day delay in the delivery of the plaintiffs' mail.
 
 
 4
 In their opposition to the defendants' summary judgment motion, the plaintiffs failed to submit contradictory evidence or affidavits. The plaintiffs merely contended that the defendants should be collaterally estopped from moving for summary judgment because the defendants' raised the same issues in a Fed.R.Civ.P. 12(b)(6) motion that was previously denied.[1] The district court properly rejected this argument because there has been no prior proceeding in which the issues raised at summary judgment were actually litigated and decided by a valid and final judgment between the parties. See Segal v. American Tel. and Tel. Co., Inc., 606 F.2d 842, 845 (9th Cir.1979). Because the plaintiffs failed to establish the existence of a disputed material fact, the district court properly granted the defendants' summary judgment motion. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 5
 The plaintiffs' contention that the district court abused its discretion by denying their motion to reopen discovery also lacks merit.
 
 
 6
 Where a litigant believes additional discovery is required to oppose a motion for summary judgment pursuant to Fed.R.Civ.P. 56(f), the litigant must submit an affidavit stating what information will be obtained and how that information will preclude summary judgment. See Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc., 840 F.2d 1394, 1400 (9th Cir.1987), cert. dismissed, 487 U.S. 1247 (1988). Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment. Id.
 
 
 7
 In their motion to reopen discovery, the plaintiffs "asserted" that the defendants were in possession of various documents. The plaintiff's, however, failed to submit an affidavit stating how the information obtained from those documents would preclude summary judgment as required by Rule 56(f). Because the plaintiff's failed to comply with the requirements Rule 56(f), the district court did not abuse its discretion by denying the plaintiffs' motion to reopen discovery. See Ahston-Tate Corp. v. Ross, 916 F.2d 516, 519 (9th Cir.1990).
 
 
 8
 The plaintiffs also contend that the district court abused its discretion by proceeding to summary judgment without holding an oral hearing. Prisoners pursuing a section 1983 action do not have an absolute right to an oral hearing when the defendants have moved for summary judgment, except in the most compelling circumstances. See Jasinski v. Showboat Operating Co., 644 F.2d 1277, 1280 n. 4 (9th Cir.1981). Because the plaintiffs did not demonstrate the existence of compelling circumstances, the district court did not err by granting the defendants' motion for summary judgment without holding an oral hearing. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In their opening brief, the plaintiffs contend that they filed a verified amended complaint which can serve as an opposing affidavit under Rule 56. The amended complaint, however, is not based on the plaintiffs' personal knowledge. Accordingly, it cannot be used as an opposing affidavit under Rule 56. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995)