Finn MACCOOL, Plaintiff—Appellant,

v.

Dora B. SCHRIRO; Donna Clement, Administrator, Offender Services Bureau, Central Office; Rick Ward, Deputy Administrator, Central Office, sued in their individuals and official capacities, Defendants—Appellees.

No. 06–15492.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2008.

Filed May 29, 2008.

Meredith N. Landy, Esq., Dhaivat Shah, Esq., O'Melveny & Myers LLP, Menlo Park, CA, for Plaintiff-Appellant.

Finn MacCool, Newark, NJ, pro se.

Catherine Marie Bohland, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, Senior District Judge.

MEMORANDUM **

Finn MacCool appeals summary judgment entered in favor of Arizona Depart-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment of Corrections officials Dora Schriro, Donna Clement, and Rick Ward (ADC officials) in his action under 42 U.S.C. § 1983 for injunctive relief. We affirm.

To the extent that MacCool's claims arise out of either his validation as a member of the Aryan Brotherhood on October 10, 1997, or his transfer to New Jersey on April 5, 1999, they are barred by the two-year statute of limitations applicable in Arizona. A.R.S. § 12–542(1). His theory of a continuing violation does not save these claims, as both were discrete acts that occurred outside the timely filing period. *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344 F.3d 822, 828 (9th Cir.2003).

In any event, the conditions of confinement about which MacCool complains are not atypical, nor does he have a protected interest in avoiding interstate transfer. *See Sandin v. Conner,* 515 U.S. 472, 483 n. 5, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Olim v. Wakinekona,* 461 U.S. 238, 248–49, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). That incarceration in New Jersey may, as a practical matter, prevent his family from visiting does not offend either due process or the Eighth Amendment. *See Overton v. Bazzetta,* 539 U.S. 126, 135–37, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003). MacCool has visitation rights as well as alternative means of communication. *Id.* at 135, 123 S.Ct. 2162. Finally, there is no basis in the record for concluding that ADC officials put MacCool in harm's way such that the principles of *Farmer v. Brennan,* 511

U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), would be offended.[1]

As no exceptional circumstances are shown, the district court did not abuse its discretion in denying MacCool's request for counsel. *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986). Likewise, the court had discretion to decline oral argument. *Jasinski v. Showboat Operating Co.,* 644 F.2d 1277, 1281 n. 4 (9th Cir.1981).

AFFIRMED.

---

1. MacCool's retaliation claim is barred because his ineligibility for a compassionate transfer back to Arizona is the result of his validation. *See* Ariz. Dep't of Corr. Order 1004.04, para. 1.2.2 (June 21, 2002).

