**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAILEY CREDO WITT, | No. 12-35129 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00566-BAT |
| v. | |
| SNOHOMISH COUNTY WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Brian A. Tsuchida, Magistrate Judge, Presiding[**]

Submitted May 14, 2013[***]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Bailey Credo Witt appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging excessive force and illegal search

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and seizure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and for an abuse of discretion the district court's decision whether to exclude evidence as a discovery sanction, *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105-06 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in refusing to impose discovery sanctions on defendants, as any alleged failure to disclose under Fed. R. Civ. P. 26(a) or (e) was harmless. *See Yeti by Molly Ltd.*, 259 F.3at 1105-06 (explaining that Fed. R. Civ. P. 37 requires the exclusion of evidence unless the failure to disclose was substantially justified or is harmless). Witt's contention that the failure to exclude the challenged evidence violated his due process rights is unavailing, as the alleged discovery violations had no bearing on Witt's ability to provide the district court with evidence within his personal knowledge to oppose summary judgment.

Witt's contention that the district court erred by not granting his request for oral argument is unpersuasive, as the district court was not required to do so under the local rules and, in any event, there is no showing of prejudice. *See Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir. 1984).

**AFFIRMED.**