Scott C. TYLER, individually; Sheila Lynn Tyler; Debra Denise Tyler; Jenelle Lorraine Tyler, by Scott C. Tyler, her father and next friend; Bryan Kent Tyler, by Scott C. Tyler, his father and next friend, Appellants,

v.

Rich BERODT; Sandra Berodt; Everett Howard; Scott County, Iowa; Forest Ashcraft, Scott County Sheriff, Appellees.

No. 88–2273.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1989.

Decided June 15, 1989.

Rehearing and Rehearing En Banc Denied Aug. 8, 1989.

Randall C. Wilson, Des Moines, Iowa, for appellants.

Mark D. Cleve, Davenport, Iowa, for appellees.

Before FAGG and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Scott C. Tyler and several members of his family appeal from the order of the district court granting summary judgment against them on their claims against the private citizens and law enforcement officers who intercepted the Tylers' cordless telephone conversations. The district court rejected their claims under the fourth and fourteenth amendments, federal wiretap laws and 42 U.S.C. § 1983, and held that Title III of the Omnibus Crime Control and Safe Streets Act, Pub.L. No. 90–351, § 802, 82 Stat. 212 (1968) (codified as amended at 18 U.S.C. §§ 2510–20 (1982)) (Wiretap Act), did not prohibit interception of cordless telephone communications.[1] We affirm.

FACTS

In 1983, Richard and Sandy Berodt discovered that their cordless telephone could intercept conversations on the cordless telephone in the Tyler household more than four blocks away. Based on what they overheard, the Berodts suspected Scott Tyler of criminal activity. They contacted the

---

1. The Electronic Communications Privacy Act of 1986 subsequently changed the definition of wire communications to provide that "such term does not include the radio portion of a cordless telephone [call] that is transmitted between the cordless telephone handset and the base unit." *See* Pub.L. No. 99–508, § 101(a), 100 Stat. 1848 (1986). The 1986 legislation was generally a comprehensive overhaul of federal wiretap law, rather than a clarification of pre-existing law. *See* S.Rep. No. 99–541, 99th Cong., 2d Sess. 2–4, *reprinted in* 1986 U.S.Code Cong. & Admin.News 3555–3558.

Scott County, Iowa, Sheriff's Department and were urged to monitor Tyler's conversations. No court order was obtained. After the Berodts made several tape recordings in this manner, criminal charges were filed against Tyler.

In his criminal trial, Tyler moved to suppress evidence of the conversations on the ground that the evidence was gathered in violation of the Wiretap Act. The state trial court granted the motion to suppress, relying on *United States v. Hall,* 488 F.2d 193, 196–97 (9th Cir.1973) (the exclusionary provisions of the Wiretap Act apply when at least one participant in a telephone conversation uses an ordinary line telephone).

On July 31, 1985, Tyler and four members of his family filed this civil suit against the Berodts, the county, and two law enforcement officers. The district court granted the defendants' motions for summary judgment. Rejecting the *Hall* analysis, the court followed *Edwards v. Bardwell,* 632 F.Supp. 584, 598 (M.D.La.) (Wiretap Act provides no protection against interception of cordless telephone transmissions), *aff'd,* 808 F.2d 54 (5th Cir.1986) (table; unpublished per curiam) (No. 86–3310). The court also found that the state court decision on the issue did not preclude relitigation. This appeal followed.

DISCUSSION

Iowa rules of preclusion apply to this case. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); 28 U.S.C. § 1738. The Berodts and the county officers were not parties to the criminal trial; they had no opportunity to litigate the Wiretap Act issue. Therefore, the Tylers may not use the earlier ruling for "offensive" purposes. *Hunter v. City of Des Moines,* 300 N.W.2d 121, 126 (Iowa 1981). Accordingly, the district court correctly declined to apply rules of preclusion in this case.

At the time of the events alleged in the Tylers' complaint, the Wiretap Act prohibited willful interception of "wire" or "oral" communications. *See* 18 U.S.C. § 2511. Wire communications were defined as those made at least in part by communications facilities employing "wire, cable, or other like connection between the point of origin and the point of reception." *Id.* § 2510(1). Oral communication meant that made by "a person exhibiting an expectation that [the conversation] is not subject to interception under circumstances justifying such expectation." *Id.* § 2510(2).

Notwithstanding *Hall, supra,* the emerging view is that cordless telephone transmissions were not "wire communications" even before the 1986 amendment. *See Edwards v. Bardwell,* 632 F.Supp. at 589 (when either end of conversation originates on radio-telephone, conversation is "oral communication"); *State v. DeLaurier,* 488 A.2d 688, 693–94 (R.I.1985); *State v. Howard,* 235 Kan. 236, 247–49, 679 P.2d 197, 204–05 (1984). Hence, the Tylers' cordless communication was protected under federal law only if it qualified as an "oral communication" accompanied by justifiable expectations of privacy.

Because the expectation of privacy requirement for oral communication is drawn from Supreme Court holdings applicable to fourth amendment analysis, *see Hall,* 488 F.2d at 198, the test for the Tylers' constitutional claim and their Wiretap Act claim is the same. Courts have not accepted the assertions of privacy expectation by speakers who were aware that their conversation was being transmitted by cordless telephone. *See Edwards v. Bardwell,* 632 F.Supp. at 589 (no privacy expectation for conversation "broadcast by radio in all directions to be overheard by countless people"); *Hall,* 488 F.2d at 198 (particular speakers knew they could be overheard, and thus had no justifiable expectation of privacy); *see also DeLaurier,* 488 A.2d at 694 (phone came with manual alerting owner that conversation could be transmitted to others); *Howard,* 235 Kan. at 249, 679 P.2d at 206 (same). *Cf. United States v. Hoffa,* 436 F.2d 1243 (7th Cir.1970) (no expectation of privacy for conversation over mobile telephones under fourth amendment analysis), *cert. denied,* 400 U.S. 1000, 91 S.Ct. 455, 27 L.Ed.2d 451 (1971).[2] There-

---

**2.** We leave open whether civil actions may lie against manufacturers for failing to provide ad-

fore, as a matter of federal law, we do not believe the Tylers had a justifiable expectation of privacy for their conversations.[3]

The requirement of a privacy expectation also applies to claims under the Communications Act, 47 U.S.C. § 605. *See Edwards v. State Farm Ins. Co.*, 833 F.2d 535, 539 (5th Cir.1987); *United States v. Rose*, 669 F.2d 23, 26–27 (1st Cir.), *cert. denied*, 459 U.S. 828, 103 S.Ct. 63, 74 L.Ed.2d 65 (1982). Therefore, the Tylers' claim under this statute must also fail.

Accordingly, the judgment of the district court is affirmed.

---

equate warnings. We note that persons using a standard telephone to speak to a cordless telephone user are generally thought to be protected, because such a person has no reason to know his or her words are being broadcast from the cordless phone user's base unit to a handset. *DeLaurier*, 488 A.2d at 694 n. 4; *Howard*, 235 Kan. at 249, 679 P.2d at 206.

3. We express no view as to whether the defendants' actions violate state law. *See* Iowa Code § 727.8.

