55 F.3d 1236
 Robert L. McKAMEY and Edward E. Jett, Plaintiffs-Appellants,
v.
Randall ROACH; Ziena Roach; I.M. Watson; Jon Walls;
Michael Scott Golden; Nikki Spense; Curtis
Blanton; Archer C. Stevens; John Doe;
Richard Doe; Mary Doe,
Defendants-Appellees.
 No. 94-5559.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 11, 1995.
Decided June 9, 1995.
 
 Jerrold L. Becker (argued and briefed), Lockridge & Becker, Knoxville, TN, for plaintiffs-appellants Robert L. McKamey, Edward E. Jett.
 Peter Alliman (argued and briefed), Lee, Alliman and Carson, Madisonville, TN, Billy P. Sams, Webster, Sams, Irving, & Ritter, Oak Ridge, TN, for defendants-appellees Randall Roach, Ziena Roach, I.M. Watson.
 Peter Alliman, Lee, Alliman and Carson, Madisonville, TN, Billy P. Sams, Webster, Sams, Irving, & Ritter, Oak Ridge, TN, R. Louis Crossley, Jr., Long, Ragsdale & Waters, Knoxville, TN, for defendants-appellees Jon Walls, Curtis Blanton.
 Peter Alliman, Lee, Alliman and Carson, Madisonville, TN, R. Louis Crossley, Jr., Long, Ragsdale & Waters, Knoxville, TN, for defendant-appellee Nikki Spense.
 Peter Alliman, Lee, Alliman and Carson, Madisonville, TN, for defendant-appellee Archer C. Stevens.
 Before: MERRITT, Chief Judge; LIVELY and KEITH, Circuit Judges.
 LIVELY, Circuit Judge.
 
 
 1
 This is an action for damages brought under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986, 18 U.S.C. Secs. 2510-2521 (1988) (Title III or the Act). The plaintiffs complained that the defendants Randall and Ziena Roach intercepted and recorded telephone conversations between the plaintiffs, and disseminated the recordings to the remaining defendants in violation of Title III. The district court held that because the plaintiff Jett used a cordless telephone in conversing with McKamey and the defendants intercepted and recorded only the radio transmissions from that instrument, Title III does not provide a remedy in damages. We agree and now affirm the judgment of the district court.
 
 I.
 A.
 
 2
 The defendants Randall and Ziena Roach are neighbors of the plaintiff Edward Jett in Anderson County, Tennessee. The Roaches own a scanner capable of intercepting cordless telephone conversations. In their complaint the plaintiffs alleged that beginning around January 28, 1992, the Roaches intercepted and recorded twelve to thirty telephone conversations between them in violation of Title III. Neither plaintiff knew his conversations were being intercepted or recorded.
 
 
 3
 According to the complaint, during their conversations McKamey used a standard land-line telephone, while Jett used a cordless telephone within his home. McKamey claims he never knew that Jett was using a cordless phone. Jett's cordless phone was equipped with a "Cobra Secur-Loc" and digital security codes designed to decrease interference from other cordless phones. The cordless portion of the conversations were transmitted between the cordless phone base unit and the handset of Jett's cordless phone via AM or FM radio signals. These radio signals can be intercepted rather easily with a radio scanner such as the one used by the defendants.
 
 
 4
 In their complaint the plaintiffs also alleged that the defendants Roach revealed the contents of their taped conversations to the other defendants for the purpose of humiliating and embarrassing the plaintiffs and causing them economic and political harm. Additionally, the plaintiffs charged that the defendants maliciously published these taped conversations and disseminated them to members of public agencies in Anderson County for the purpose of harming the reputation of the plaintiffs.
 
 B.
 
 5
 The defendants filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). We take all well-pled averments of the complaint as true. Following oral argument, the district court granted the defendants' motion. In its memorandum opinion, the court held that Title III does not protect the conversations in which Jett used a cordless telephone from interception because such conversations do not come within the statutory definitions of the types of communications made illegal by the Act. Title III defines and protects three types of communications--"wire" communications, "electronic" communications, and "oral" communications.
 
 
 6
 The court further concluded that any subjective expectation of privacy the plaintiffs might have had in their conversation was not objectively reasonable. This was so, according to the court, because "[w]hen Jett essentially broadcast the plaintiffs' conversations over his cordless phone, any objective expectation of privacy McKamey might have had in his conversation was lost."
 
 II.
 
 7
 On appeal, the plaintiffs assert that this case is one of first impression because all earlier cases relied upon by the district court involved criminal prosecutions, whereas this case is totally between private parties. They also contend that this case is different from other cases decided under Title III because McKamey used a traditional land-based telephone and was unaware that Jett was using a cordless instrument. None of the Title III cases, they argue, established a per se rule that regardless of the facts and circumstances, no conversation in which a cordless telephone is used by either party is covered by the Act.
 
 
 8
 The purpose of the Act--"to deal with increasing threats to privacy resulting from the growing use of sophisticated electronic devices" (quoting State v. Howard, 235 Kan. 236, 679 P.2d 197, 201 (1984))--requires a more flexible reading of Title III than that given by the district court, according to the plaintiffs. Even if Jett cannot rely on Title III to recover damages, plaintiffs' counsel contends that McKamey had an objectively reasonable expectation of privacy that he should be permitted to vindicate in this action.
 
 III.
 
 9
 This is a case of statutory construction. That being so, we look first to the language of the Act to determine whether the communications between Jett and McKamey, transmitted and intercepted via radio waves from Jett's cordless phone, were protected.
 
 A.
 
 10
 Title III as amended in 1986 forbids the non-consensual interception of wire, oral and electronic communications. 18 U.S.C. Sec. 2511(1)(a). Furthermore, the statute also forbids the intentional disclosure or use of the contents of any wire, oral or electronic communication if one has knowledge that the information was obtained through illegal interception. 18 U.S.C. Sec. 2511(1)(c) & (d). Violators are subject to criminal prosecutions as well as civil damages to the party whose communications were intercepted. 18 U.S.C. Secs. 2511(4) & 2520. Unless the plaintiffs' conversations qualify as wire, oral or electronic communications, however, Title III affords them no protection.
 
 
 11
 At the time of the conversations between Jett and McKamey, the Act's definitions of "wire" and "electronic" communications specifically exempted from those definitions the radio portion of a conversation involving the use of a cordless telephone.
 
 
 12
 The statute defined "wire communication" as:
 
 
 13
 any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception ... but such term does not include the radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit.
 
 
 14
 18 U.S.C. Sec. 2510(1) (1988) (emphasis added). Similarly, the statute provided that an "electronic communication" was:
 
 
 15
 any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system ... but does not include--(A) the radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit.
 
 
 16
 18 U.S.C. Sec. 2510(12)(A) (1988) (emphasis added).[1]
 
 
 17
 The courts that have addressed the question agree overwhelmingly that cordless telephone transmissions are not "wire" or "electronic" communications covered by Title III. See In re Askin, 47 F.3d 100, 103 (4th Cir.1995); United States v. Smith, 978 F.2d 171, 175 (5th Cir.1992) (noting that "Title III expressly excludes cordless telephone transmissions from the definitions of 'wire' and 'electronic' communication"), cert. denied, --- U.S. ----, 113 S.Ct. 1620, 123 L.Ed.2d 179 (1993); Tyler v. Berodt, 877 F.2d 705, 706 (8th Cir.1989) (per curiam) (stating that "the emerging view is that cordless telephone transmissions were not 'wire communications' even before the 1986 amendment"), cert. denied, 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990); United States v. Carr, 805 F.Supp. 1266, 1271 (E.D.N.C.1992); Edwards v. Bardwell, 632 F.Supp. 584, 589 (M.D.La.1986), aff'd, 808 F.2d 54 (5th Cir.1986); State v. Smith, 149 Wis.2d 89, 438 N.W.2d 571, 577 (1989); State v. Delaurier, 488 A.2d 688, 693-94 (R.I.1985); State v. Howard, 235 Kan. 236, 679 P.2d 197, 204-05 (1984).
 
 
 18
 While it is true that most of the cited cases involved warrantless interceptions by law enforcement officers that led to criminal prosecutions, for our purposes this is a distinction without a difference. The analysis of the Act is the same; there is just no Fourth Amendment issue in this purely civil action between private individuals.
 
 
 19
 The plaintiffs rely on United States v. Hall, 488 F.2d 193, 197 (9th Cir.1973). In Hall, the defendants appealed their drug convictions arguing that the electronic surveillance of their radio-telephone conversations which led to their arrests violated Title III and the Fourth Amendment. The Hall court concluded that when one party to a communication uses a land-line telephone, the conversation is a wire communication even if the other party uses a mobile radio phone. Id. at 197. Hall is distinguishable from the instant case. First, Hall interpreted the 1968 version of Title III, which did not include the specific clause within the definition of "wire communication" excepting the radio portion of a cordless phone conversation from the statute's application and contained no definition of "electronic communication." Id. at 194, 196. Further, the Hall court itself admitted that classifying a communication involving a radio telephone as a "wire communication" appeared to reach an "absurd result." Id. at 197. No reported cases have followed Hall.
 
 
 20
 Because the language of the statute is clear, we do not rely on the legislative history accompanying the 1986 amendments in reaching our decision. Nevertheless, that history supports the conclusions reached by other courts and adopted herein, and explains the rationale underlying the Act. Congress reasoned that, "[b]ecause communications made on some cordless telephones can be intercepted easily with readily available technologies, such as an AM radio, it would be inappropriate to make the interception of such a communication a criminal offense." S.Rep. No. 541, 99th Cong., 2d Sess. 12 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3566.
 
 B.
 
 21
 This does not complete our inquiry. We must also determine whether the plaintiffs' conversations qualify as "oral communications" under the Act. That term includes "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. Sec. 2510(2). As noted by the court in United States v. Smith, 978 F.2d at 175-76, this definition limits an "oral communication" to one "uttered by a person." 18 U.S.C. Sec. 2510(2). It was not McKamey's or Jett's actual utterances that were intercepted by the defendants Roach, but a radio signal produced by Jett's cordless telephone. Further, it was a reconstruction of the conversation produced by the scanner that was recorded. We conclude that the plain language of the statute removes cordless phone communications from the definition of "oral communication." See Askin, 47 F.3d at 103 (listing earlier cases); Smith, 978 F.2d at 175-76.
 
 C.
 
 22
 Oral communications protected under Title III are limited to those "exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. Sec. 2510(2). No reported decision has concluded that a cordless telephone user has a reasonable expectation of privacy in his cordless phone conversations under Title III or the Fourth Amendment. See Askin, 47 F.3d at 104-06; Smith, 978 F.2d at 177-81; Tyler, 877 F.2d at 706-07; Carr, 805 F.Supp. at 1271-72; Bardwell, 632 F.Supp. at 589; Delaurier, 488 A.2d at 694; Howard, 679 P.2d at 206. This is so because cordless telephone communications are broadcast over the radio waves to all who wish to overhear. As noted by Congress in its 1986 amendments, these radio waves are easily intercepted. S.Rep. No. 541, 99th Cong., 2d Sess. 12 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3566. Moreover, the owner's manual to Jett's cordless phone states that it uses "radio transmission[s]" and cautions owners that "if one of your neighbors has a telephone that transmits on the same channel as yours, you may have some interference problems." (JA at 38) This manual also explicitly warns owners that "[i]t is not possible to ensure privacy of communication when using this telephone." (JA at 41)
 
 IV.
 
 23
 The thrust of the plaintiffs' argument is that because McKamey used a land-line phone which is protected under Title III, the statute applies to prohibit the interception of his communications, notwithstanding the fact that Jett communicated over a cordless phone. They urge this court to focus exclusively on McKamey's end of the conversation in determining the applicability of Title III. However, the McKamey-Jett conversations should not be viewed in isolated segments. As the court noted in Askin, 47 F.3d at 104, "communication is by definition not a one-way street." We agree with this analysis.
 
 A.
 
 24
 At the time the McKamey-Jett conversations took place, Secs. 2510(1) and 2510(12)(A) permitted the interception of cordless telephone communications without exception. Both Jett's and McKamey's words traveled over radio waves between the base unit and the handset of Jett's cordless phone. Because the defendants' scanner only intercepted the radio portion of the conversation between the plaintiffs, Title III provides them no protection from the defendants' actions. If the court were to hold that the plaintiffs' communications were protected from interception under Title III, the court would in effect be carving out an exception for cordless phone to land-line phone conversations to the blanket exclusion of cordless phone communications from the statute's protection. The statute simply contains no such exception.
 
 
 25
 In Askin the appellant, a non-party witness in a criminal trial, was held in contempt of court for refusing to answer questions on the ground that the questions were based on information obtained in violation of Title III. Askin, 47 F.3d at 101-02. Askin made the same argument urged by the plaintiffs here, namely that because he always used a land-based telephone or a cellular car phone, the communications at issue were protected from interception even though the other communicant used a cordless telephone. Id. at 103. The court declined to "bifurcate" the communications between Askin and the other party by focusing exclusively on Askin's end of the conversation. Id. We agree with the court's reasoning that the statutory exception for "the radio portion" of a cordless telephone communication clearly applied to both sides of the conversation because only the radio portion of the conversations was intercepted. Id. at 104.
 
 
 26
 Likewise in Carr the court described the fact that some of the communications at issue involved protected land-line telephones as a "distinction[ ] without a difference." Carr, 805 F.Supp. at 1268 n. 3. The court reasoned that had the cordless phone not been in use transmitting radio waves between the handset and the base unit, law enforcement officials would not have been able to intercept the conversations using a scanner. Id. at 1269.
 
 B.
 
 27
 Congress did not demonstrate a willingness to protect the radio portion of a cordless telephone communication from interception until 1994. See H.R.Rep. No. 827, 103rd Cong., 2d Sess. 10, 17-18, 30 (1994), reprinted in 1994 U.S.C.C.A.N. 3489, 3490, 3497-98, 3510. The legislative history accompanying the 1994 amendments to Title III indicates that Congress never intended to protect cordless phone communications under the earlier version of the statute. The House Report stated, "The legislation also expands privacy and security protection for telephone and computer communications. The protections of the Electronic Communications Privacy Act of 1986 are extended to cordless phones ..." Id. at 3490 (emphasis added). As the court noted in Askin, 47 F.3d at 104, the fact that Congress in 1994 decided to expand privacy protections by extending Title III's coverage to include cordless telephone transmissions does not authorize a court to extend coverage under the earlier statute. See generally Landgraf v. USI Film Products, --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).
 
 CONCLUSION
 
 28
 Viewing the facts presented in the complaint as true and drawing all reasonable inferences most favorably to the plaintiffs, we conclude, as did the district court, that Title III provides no relief to the plaintiffs. They may have a state law claim for invasion of privacy, an issue we do not consider. Under the clear language of the statute, and its interpretation by many courts, however, we agree that the defendants were entitled to judgment on the pleadings as a matter of law.
 
 
 29
 AFFIRMED.
 
 
 
 [1]
 Congress amended Title III in 1994 to extend protection to cordless phone transmissions by simply striking the above exceptions from 18 U.S.C. Secs. 2510(1) and 2510(12)(A). Communications Assistance for Law Enforcement Act, Pub.L. No. 103-414, Sec. 202(a), 108 Stat. 4279 (1994)