70 F.3d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pat BIRMINGHAM, Plaintiff-Appellant,
v.
Michael SCHACHER, Ben Hicks, Glenn Faber, Defendants-Appellees.
 No. 94-35685.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 17, 1995.
Decided Nov. 7, 1995.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hicks, a federal customs agent, intercepted and recorded a telephone conversation between appellant Birmingham, who was using a standard hard wired phone, and another individual, who was using a cordless phone. Hicks gave the recording to state law enforcement agents. Birmingham filed suit against Hicks and the state agents alleging violation of the Fourth Amendment and state and federal communications statutes. He sought damages under 42 U.S.C. Sec. 1983 and Or.Rev.Stat. Sec. 133.739. The district court granted summary judgment to all parties on the federal claims and to Hicks on the state claim, but declined to exercise supplemental jurisdiction over the state claim against the state defendants. Birmingham argues the court erred in granting summary judgment on the Fourth Amendment claim and the state statutory claim. We affirm.
 
 The Fourth Amendment
 
 3
 Birmingham appeals the district court's grant of summary judgment to all parties on his Section 1983 claim alleging that the defendants violated the Fourth Amendment. The Fourth Amendment protects reasonable expectations of privacy. California v. Greenwood, 486 U.S. 35, 39 (1988). While users of traditional hard wired phones generally have a reasonable expectation of privacy in their conversations, Katz v. United States, 389 U.S. 347, 352 (1967), users of cordless phones generally do not because of the ease of intercepting wireless transmissions. See, e.g., Tyler v. Berodt, 877 F.2d 705, 706-07 (8th Cir.1989), cert. denied, 493 U.S. 1022 (1990); State v. Smith, 438 N.W.2d 571, 577 (Wis.1989); People v. Fata, 529 N.Y.S.2d 683, 686 (N.Y.Co.Ct.1988); State v. Delaurier, 488 A.2d 688, 694 (R.I.1985); State v. Howard, 679 P.2d 197, 206 (Kan.1984). Several courts have suggested, however, that if a person using a hard wired phone does not know the other person was using a cordless phone, he might have a reasonable expectation of privacy. Tyler, 877 F.2d at 706-07 n. 2; Delaurier, 488 A.2d at 694 n. 4; Howard, 679 P.2d at 206. The U.S. Courts of Appeal for the Fourth and Sixth Circuits recently departed from these cases, holding that so long as one party is using a cordless phone, neither party has a reasonable expectation of privacy. McKamey v. Roach, 55 F.3d 1236, 1240 (6th Cir.1995); In re Askin, 47 F.3d 100, 104-06 (4th Cir.1995).
 
 
 4
 Without deciding the issue, even if the interception of Birmingham's conversation violated the Fourth Amendment, the federal and state agents were protected by qualified immunity. Officials are immune from liability under Section 1983 when the constitutional right they violate is not clearly established such that a reasonable officer would understand that his actions were prohibited by law. Id.; Anderson v. Creighton, 483 U.S. 635, 640 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As recent decisions suggest a shift away from recognizing a privacy right in any conversation involving a cordless phone, the interception of Birmingham's conversation did not violate any clearly established law. See McKamey, 55 F.3d at 1240, Askin, 47 F.3d at 104-06. A reasonable officer would likely have concluded that Birmingham's conversation was unprotected and thus the defendants are protected by qualified immunity. Thus we affirm the district court's grant of summary judgment to all defendants on the Section 1983 claim.
 
 The State Claim
 
 5
 Because the district court granted summary judgment to Hicks on the state claim, we address the state communication statutes. Birmingham argues that Hicks and the state officers violated state law by intercepting and disclosing his conversation without obtaining the required court order. Or.Rev.Stat. Secs. 133.724, 133.727 (1994). He seeks damages under Or.Rev.Stat. Sec. 133.739.
 
 
 6
 The statutory scheme in ORS 133.721-739 establishes a process for police to intercept wire, electric, or oral communications. Upon the demonstration of probable cause, ORS 133.724 provides for the issuance of an ex parte order allowing the interception of wire, electronic, or oral communications. ORS 133.737 allows an officer who has intercepted a communication under the procedures set forth in Chapter 133 to disclose the interception to other law enforcement officers. ORS 133.739 provides a cause of action to anyone whose communication has been intercepted or disclosed in violation of Chapter 133.
 
 
 7
 Under ORS 165.540 the unauthorized interception of a telecommunication or radio communication is a misdemeanor. The statute exempts law enforcement officers who have followed the procedures of ORS 133.724. Or.Rev.Stat. Sec. 165.540(1) (1994).
 
 
 8
 We believe an Oregon court would conclude that the interception of a cordless conversation is exempt from the requirements of Chapter 133. Subsequent to the district court's resolution in this case, the Oregon Court of Appeals held that a provision exempting radio broadcasts from the restrictions in ORS 165.540 applied to cordless phone conversations. State v. Carston, 891 P.2d 1366, 1370 (Or.App.1995) (holding communication intercepted by a private citizen should not be suppressed), rev. allowed, 898 P.2d 770 (Or.1995). In State v. Lissy, the Oregon Supreme Court applied the consent exemption in ORS 165.540 to ORS 133.724-739 after framing the issue as whether the exemptions in 165.540 generally apply to Chapter 133. 747 P.2d 345, 349-52 (Or.1987). Thus, an Oregon court reading Lissy and Carston together would likely hold that the interception of cordless phone conversation is exempt under both ORS 133.724-39 and ORS 165.540.
 
 
 9
 Accordingly, the district court properly granted Hicks' motion for summary judgment on the state claim as well as the federal claims. We need not address Birmingham's argument that the United States should be substituted as a party for Hicks on the state claim because we find no merit in the state claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3