UNITED STATES COURT OF APPEALS
**Filed 11/5/96**
FOR THE TENTH CIRCUIT

WILLIE ALIRE, LARRY DIAZ,

    Plaintiffs-Appellants,

v.

STEVE BELL,

    Defendant-Appellee,

  and

GENE JOHNSON; JOHN DOE, I
THROUGH X; JANE DOE, I
THROUGH X,

    Defendants.

No. 96-2021
(D.C. No. CIV-94-622-JP)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs Willie Alire and Larry Diaz appeal from a district court order granting summary judgment to defendant Steve Bell. In 1992, Bell, a police officer, facilitated the recording of several telephone conversations between Alire, who was using a cordless telephone, and Diaz, who was using a standard land-line telephone. Bell passed these recordings on to another defendant. Plaintiffs contend that in so doing Bell violated 18 U.S.C. § 2511 (prohibiting the unauthorized intentional interception of certain communications), 47 U.S.C. § 605 (prohibiting the unauthorized divulgence of intercepted communications), and their Fourth Amendment right to privacy.[1] The district court held that plaintiffs failed to establish that Bell violated clearly established law, and thus granted his motion for summary judgment on the ground of qualified immunity. We affirm.

We review de novo the grant of summary judgment; however, our approach differs from that in other summary judgment rulings because of the qualified immunity defense. Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995). Once a

---

[1] In the district court plaintiffs also claimed that Bell's actions violated state law, but did not argue on appeal that the district court erred in ruling against them on that issue.

defendant raises a qualified immunity defense, the plaintiff must demonstrate that the defendant violated a constitutional or statutory right that was clearly established at the time of the challenged conduct. Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995). To satisfy this burden "the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." Romero, 45 F.3d at 1475.

> The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). While Anderson makes clear that there is no requirement that the specific action [sic] in question have previously been held unlawful, the plaintiff must show that the unlawfulness of the conduct in question is "apparent" in light of preexisting law. Id.

Hannula v. City of Lakewood, 907 F.2d 129, 131 (10th Cir. 1990). If the plaintiff fails to satisfy this burden, the defendant prevails, and we need not consider whether the defendant established the absence of material issues of fact. See Romero, 45 F.3d at 1475.

In this case, we agree with the district court's conclusion that plaintiffs failed to show clearly established law that an officer, intercepting cordless telephone transmissions, could be liable to any party to the intercepted conversation who might be using a conventional land-line telephone. Accordingly, we affirm. See McKamey v. Roach, 55 F.3d 1236 (6th Cir. 1995) (affirming the

dismissal of an action for damages under 18 U.S.C. §§ 2510-2521, arising out of the interception of cordless telephone transmissions in 1992 [before 1994 amendments to Title III], when one of the plaintiffs used a standard land-line telephone during the intercepted conversations); In re Askin, 47 F.3d 100 (4th Cir.) (rejecting arguments under both 18 U.S.C. § 2511 and the Fourth Amendment and affirming a contempt citation arising out of a witness' refusal to answer questions derived from cordless telephone transmissions which were intercepted in 1993, when the witness used either a conventional land-line telephone or a cellular car telephone during the intercepted conversations), cert. denied, 116 S. Ct. 382 (1995).

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge