107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin G. CROWLEY, Plaintiff-Appellant,
v.
Dorothy Nash HOLMES; William Hehn; Larry Guy Sage; John
Long, as individuals and agents of the Washoe County;
Frankie Sue Del Papa, individually and as Nevada Attorney
General; and Does I-IX, Defendants-Appellees.
 No. 95-16874.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Jan. 27, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 DISCUSSION
 
 3
 We review a district court's grant of summary judgment de novo. Mitchell v. Dupnik, 67 F.3d 216, 220 (9th Cir.1995). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether the substantive law was correctly applied and whether there are any genuine issues of material fact. Id.
 
 
 4
 Crowley alleges a violation of his Fourth Amendment right to be free from warrantless searches and seizures as well as a violation of 18 U.S.C. § 2510-2511. The district court granted summary judgment to defendants on the ground that "the radio signals produced by a cordless telephone are not protected by either the 'Wiretap Act' or the Fourth Amendment".
 
 A. The Wiretap Act
 
 5
 Appellant claims that Long's conduct violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968 as amended by the Electronic Communication Privacy Act of 1986 (hereafter the Wiretap Act). The Wiretap Act forbids the non-consensual interception of wire, oral, and electronic communications. 18 U.S.C. § 2511(1)(a).
 
 
 6
 At the time Crowley's conversation was intercepted, conversations transmitted from cordless phones via radio waves were excluded from the statute's definition of wire, electronic and oral communications. McKamey v. Roach, 55 F.3d 1236, 1238 (6th Cir.1995); Askin v. McNulty, 47 F.3d 100, 103 (4th Cir.1994) (per curiam); Tyler v. Berodt, 877 F.2d 705, 706-07 (8th Cir.1989); United States v. Smith, 978 F.2d 171, 175-76 (1992), cert. denied, 113 S.Ct. 1620 (1993).[3]
 
 
 7
 Crowley relies on United States v. Hall, 488 F.2d 193 (1973), which held that radio-telephone communications involving land-line phones were included within the Act. Hall, however, was decided under the 1968 version of the Act. The result in Hall has since been abrogated by the 1986 Amendments.
 
 
 8
 Congress did not see fit to protect the radio portion of a cordless telephone conversation from interception until 1994. McKamey, 55 F.3d at 1240. The fact that Congress amended the statute in 1994 to extend the Act's protection to cordless communications does not authorize a court to extend coverage under the earlier statute. Id. at 1241.
 
 B. Fourth Amendment
 
 9
 To establish a Fourth Amendment violation, a plaintiff must show that he had an objectively reasonable expectation of privacy. United States v. Fisch, 474 F.2d 1071, 1076-77 (1973), cert. denied, 412 U.S. 921 (1973), quoting Katz v. United States, 389 U.S. 347, 361 (1967). Most jurisdictions which have considered the issue have concluded that cordless telephone users lack a reasonable expectation of privacy in their cordless telephone conversations because cordless telephone transmissions being broadcast over the radio waves are easily intercepted by many different devices. See Berodt, 877 F.2d at 706-07; State v. Howard, 679 P.2d 197 (Kan.1984); In re Askin, 47 F.3d at 105.
 
 
 10
 The Fifth Circuit, however, took a somewhat different approach. In United States v. Smith, 978 F.2d 171 (5th Cir.1992), the court indicated that application of the Fourth Amendment in these cases would "depend largely on the specific telephone technology used, and the trial court must be prepared to consider that technology on a motion to suppress." Id. at 180. Under Smith, cordless communications which are categorically unprotected from warrantless interception under Title III, even when one party uses a land-based telephone, may be protected under the Fourth Amendment.
 
 
 11
 On the other hand, the fourth circuit acknowledged the continual growth of technology, and determined that the job of evaluating their impact on civil rights and of updating the law is best suited to the legislature. In re Askin, 47 F.3d at 104-05.[4] We find the approach taken in Askin to be a sound one. As that court stated, if cordless communications were protected under the Fourth Amendment, "then the blanket exceptions for the radio portions of such transmissions, which failed to provide for such a right, would contravene that guarantee." Id. at 105.
 
 
 12
 The current trend is away from Smith and toward Askin. See McKamey, 55 F.3d 1236; People v. Chavez, 52 Cal.Rptr.2d 347, 352 (1996) (no reasonable expectation of privacy in radio portion of cordless telephone conversations). Even were we to follow Smith, Crowley's claim fails, as he did not argue below or on appeal that his phone utilized unique technology which gave him an expectation of privacy under Smith.
 
 
 13
 We find that Crowley lacked an objectively reasonable expectation of privacy in his cordless telephone conversations. As a result, disclosure of the content or substance of those conversations is not violative of the Constitution. McKamey, 55 F.3d at 1240 (use of scanner to intentionally eavesdrop on plaintiff's conversations did not violate the Fourth Amendment because cordless telephone conversations are "broadcast over the radio waves to all who wish to overhear.)." Because we find that Crowley has failed to prove a Fourth Amendment violation, we do not reach the claims of respondeat superior and prosecutorial immunity. Accordingly, the judgment of the district court is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 14
 Because I believe that Crowley may have a reasonable expectation of privacy in his cordless phone conversations and that he was not permitted to develop the facts on this question in connection with a summary judgment hearing, I dissent. In U.S. v. Smith, 978 F.2d 171 (5th Cir.1992), the Fifth Circuit correctly held that "[e]ven if Congress has not chosen to extend statutory protection to cordless phone communications, we must still determine whether the Fourth Amendment [the individual] Smith any protection." Id. at 176.
 
 
 15
 As the Smith court noted, cordless phone technology is progressing rapidly and the distinction between land-line phones and cordless phones is becoming more attenuated. See id. at 177. The latest wave of cordless telephones broadcast at a very high frequency and contain a variety of security measures to ensure privacy. Intelligent Life, Wash. Post, Oct. 27, 1996, at W21; Cyndi Y. Nightingale, Discoveries: Inside & Out, L.A. Times, Nov. 23, 1996, at N3; Chris O'Malley, Have Yourself a High-Tech Holiday, Indianapolis Star, Dec. 15, 1996, at E01.
 
 
 16
 Although there is some indication of the specifications of Crowley's phone, remand to the district court is necessary in order to determine whether he had a reasonable expectation of privacy in his particular phone. Under Smith, that is the appropriate course of action in this case. It is also the appropriate course of action under United States v. Hall, 488 F.2d 193 (9th Cir.1993). While, as the majority points out, Hall construes the pre-1986 amendments to the Wiretap Act, it is its Fourth Amendment analysis that is controlling here. In Hall we stated that "use of listening devices to overhear a conversation is a search under the Fourth Amendment." id. at 195 n. 1, and remanded for a determination of whether Hall could have "justifiably relied on his privacy" when he spoke into his radio telephone, id. at 198. Thus, under Hall and Smith, Crowley was entitled to an opportunity to submit evidence as to whether or not he had a reasonable expectation of privacy in his particular phone.
 
 
 17
 Significantly, Crowley would have had this opportunity had he been given a hearing on the motion for summary judgment. We have made it clear that district courts should not grant summary judgment motions without a hearing, if the nonmoving party requests oral argument. Dredge Corp. v. Penny, 338 F.2d 456, 461 (9th Cir.1964). The failure to conduct a hearing is only reversible error, however, if there is a showing of prejudice. Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 728-29 (9th Cir.), cert. denied, 503 U.S. 920 (1991); Houston v. Bryan, 725 F.2d 516, 518 (9th Cir.1984); Jasinski v. Showboat Operating Co., 644 F.2d 1277, 1281 (9th Cir.1981). Here, Crowley requested a hearing and was prejudiced by the court's subsequent actions. Not only did the court fail to afford Crowley the hearing he requested, but, as I explain below, it effectively denied him his right to present evidence prior to the issuance of the summary judgment order.
 
 
 18
 The government contended at oral argument before this court that Crowley failed to submit his evidence--a radio expert's affidavit regarding the reasonable expectation of privacy Crowley had in his cordless telephone conversation--prior to the ruling on summary judgment. That is correct. However, under the Federal Rules of Civil Procedure, Crowley had until the day prior to the hearing on the summary judgment motion to submit his affidavits. See Fed.R.Civ.P. 56(c).[1] Because, notwithstanding the request by Crowley, a hearing date was never set, the summary judgment motion was summarily decided without a hearing, and Crowley was not given notice that a hearing would not be held, the time within which Crowley was permitted to submit affidavits under Rule 56 had not expired when the district court issued its summary judgment order.
 
 
 19
 In short, I believe that Crowley was entitled to the opportunity to present evidence regarding his reasonable expectation of privacy in his cordless phone conversations, and that the district court's failure to abide by the Federal Rules and Ninth Circuit precedent regarding summary judgment prejudiced him in this respect.
 
 
 20
 Accordingly, I dissent.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 The definitions of wire, oral and electronic communication are found in 18 U.S.C. §§ 2510(1), 2510(2) and 2510(12)(A), respectively
 
 
 [4]
 Judge Wilkinson stated: "In the fast-developing area of communication technology, courts should be cautious not to wield the amorphous 'reasonable expectation of privacy' standard ... in a manner that nullifies the balance between private rights and law enforcement needs struck by Congress in Title III." In re Askin, 47 F.3d at 105-06
 
 
 [1]
 The rule states in relevant part: The [summary judgment] motion shall be served at least 10 days prior to the time for the hearing. The adverse party prior to the day of the hearing may serve opposing affidavits. Fed.R.Civ.P. 56(c)